Argued December 3, decided December 17, 1912.

### STATE *v.* WEISS.*

(128 Pac. 448.)

**Intoxicating Liquors—Indictment and Information — Principal and Servant.**

1.  Under Sections 1458, 2370, L. O. L., abolishing the distinction between principal and accesory before the fact, and

*The authorities on the right of one to testify as to his intent are collated in an extensive note in 23 L. R. A. (N. S.) 367, and a supplemental note in 34 L. R. A. (N. S.) 323.

The question of evidence of other crimes in a criminal case is treated in an elaborate note in 62 L. R. A. 194.          REPORTER.

making one concerned in the commission of a crime, though not present, a principal, to be tried as such, and Section 4937 declaring it unnecessary on prosecution for violation of the local option law to show a principal's knowledge to convict for acts of his agent or servant, an indictment properly charges one with sale of liquor without reference to his servant who actually made it.

### Intoxicating Liquors—Violation of Local Option—Evidence.

2. Evidence, on prosecution for violation of the local option law, that defendant was proprietor of a cold storage plant in which was kept nothing but beer, that he had an internal revenue license to retail malt liquor, and that, in reference to the license, he said, "It was a beer tax, and we did not have whisky or anything further than just sell beer," is sufficient evidence that he was in the business of selling beer.

### Criminal Law—Remarks and Acts of District Attorney.

3. For the district attorney, during his argument on a prosecution for violation of the local option law, to open one of the captured bottles offered in evidence, and to say to the jury, "Smell of that," and "That's beer," is not error; they having a right to use their senses of sight and smell in determining the character of the substance offered in evidence.

### Criminal Law—Admission of Evidence—Curing Error.

4. Any error in admission of evidence of sales other than that for which defendant was being prosecuted was cured by its being stricken out and the jury being emphatically instructed to disregard it.

### Criminal Law—Evidence of Other Crimes—Intent.

5. Where intent of defendant in performing an act is in issue, evidence of facts tending to throw light thereon is admissible, though it tends to show he committed other offenses.

### Criminal Law—Trial—Instructions.

6. Requested instructions, being, so far as applicable to the case, covered by the general charge, are properly refused.

From Douglas:  JOHN S. COKE, Judge.

Statement by MR. JUSTICE MCBRIDE.

The defendant, Max Weiss, was indicted by the grand jury for the crime of selling 12 bottles of beer in prohibi-

tion territory. The testimony shows that these 12 bottles were sold from defendant's cold storage warehouse, which contained nothing but beer, by one J. J. White, an employe of defendant. The defendant was convicted, and appeals. He assigns as error a variance between the proof and the indictment in that it is charged therein that the sale was made by him without any reference to the servant. He also assigns as error the admission of the testimony of one Hermann as to other sales of beer made by defendant personally. Other assignments relate to the refusal of the court to give certain instructions requested by counsel for defendant, and another assignment relates to the misconduct of the prosecuting attorney in opening one of the bottles of beer in the presence of the jury, and in making certain remarks derogatory to defendant during the argument.            AFFIRMED.

For appellant there was a brief over the names of *Mr. John T. Long* and *Mr. Robert G. Smith,* with an oral argument by *Mr. Long.*

For the State there was a brief and an oral argument by *Mr. George M. Brown,* Prosecuting Attorney.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. The objection to the indictment was not well taken. Section 4937, L. O. L., provides that in all prosecutions for violations of the provisions of the local option law it shall not be necessary to show knowledge on the part of the principal in order to convict for the acts of his agent or servant. In other words, a liquor dealer who employs an agent in the conduct of his business does so at the risk of answering for that agent's criminal act in unlawfully disposing of liquor. *People* v. *Roby,* 52 Mich. 577 (18 N. W. 365: 50 Am. Rep. 270), and cases there cited. It is not necessary to state in the indictment the name of the employe who sold the liquor. Section 2370, L. O. L., provides that "all persons concerned in the com-

mission of a crime, whether it be a felony or a misdemeanor, and whether they directly commit the act constituting the crime, or aid and abet in its commission, though not present, are principals, and to be tried and punished as such." The distinction between principal and accessory before the fact is abolished. Section 1458, L. O. L. Under these statutes the indictment was in proper form. 22 Cyc. 362.

2. The evidence introduced by the State tended to show that defendant was proprietor of a cold storage plant in which was kept nothing except beer, and that he had procured an internal revenue tax stamp, commonly called an internal revenue license, to sell malt liquor at retail. It was also in evidence that defendant had said to a witness, referring to the internal revenue license, that "it was a beer tax, and we did not have whiskey or anything further than just sell beer." This was sufficient evidence to warrant the jury in finding that defendant was engaged in the business of selling beer.

3. Error is predicated upon the action of the district attorney, during his argument, in opening one of the captured bottles offered in evidence and saying to the jury, "Smell of that," "That's beer," and other similar expressions. The jury had a right to use the senses of sight and smell in determining the character of the substance offered in evidence, and we see nothing extraordinary or lawless in the conduct of the district attorney in directing their attention to the contents of the bottle. It is also alleged that the district attorney made improper references to the defendant on the trial, but his remarks are not set out in the transcript, except such alleged excerpts as appear in the objections of counsel, and as to these we do not see any impropriety. The obligations resting upon a district attorney in the conduct of the State's case are not different from those resting upon every member of the bar, which are to present his client's

case fairly and forcibly, and we do not see that he materially exceeded the limit.

4. Error is also based upon the admission by the court of evidence of other sales made by the defendant personally to another party. This testimony was afterwards stricken out, and the jury were emphatically instructed to disregard it, which under the circumstances cured the error of the court, if one was committed.

5. In view of the contention of the defendant that his intent in keeping the beer in his place was an innocent one, the testimony was probably relevant. Whatever may be the rule in other states, we have frequently held that, where the intent or motive of a party in performing an act is involved, evidence of facts tending to throw light upon that intent is admissible, even though it tends to show that the party has committed other offenses. *State* v. *Finch,* 54 Or. 482 (103 Pac. 505).

6. There are also exceptions to the refusal of the court to give certain instructions requested by the defendant; but, so far as such requests were applicable to the case at bar, they were covered by the general charge, and the refusal of others was proper.

It is clear from the evidence that the defendant was absolutely and without question guilty of the offense charged, and the record indicates that he had a fair trial and that the law was fairly and fully given to the jury in the charge of the court.

The judgment is affirmed. AFFIRMED.