Argued July 20, affirmed September 8, rehearing denied October 6, 1914.

## STATE v. GEAR.*

(143 Pac. 890.)

**Intoxicating Liquors—Offenses—Personal Liability—Agent for Buyer —"Principal."**

1.   Under Section 2142, L. O. L., making it a misdemeanor for any person to sell, give or cause to be sold or given any intoxicating liquor to a minor, and Section 2370, providing that all persons concerned in the commission of a crime, whether they directly commit the act or aid and abet in its commission, though not present, are principals, one who, at the request of a minor, went to a saloon and bought beer with the minor's money and brought it back to the minor violates Section 2142.

[As to sale of intoxicating liquors to minors, see notes in 51 Am. Rep. 322; 28 Am. St. Rep. 707.]

From Coos: JOHN S. COKE, Judge.

The defendant A. E. Gear and one Jesse Dalrymple were convicted of selling intoxicating liquor to a minor, and the defendant Dalrymple appeals. The facts as far as material herein are set forth in the opinion of the court.            AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Tom T. Bennett.*

---

*On the question whether one who obtains liquor for and delivers it to another, using the latter's money, is guilty of selling the same, see note in 24 L. R. A. (N. S.) 268 and 28 L. R. A. (N. S.) 334.

REPORTER.

For the State there was a brief and an oral argument by *Mr. Lawrence A. Liljeqvist,* District Attorney.

Department 1.  MR. JUSTICE BURNETT delivered the opinion of the court.

There is no material dispute about the facts involved.  The defendant was a cook and waiter in a Marshfield restaurant.  The minor, Carter, went there in company with other minors for a supper.  At Carter's request, and with his money, the defendant went out of the restaurant and into a near-by liquor saloon, not connected with the eating-house, and there bought some beer, for which he paid with the money furnished by Carter.  He then carried the liquor back to the restaurant and delivered it to Carter, who there drank it.  It does not appear that Carter knew who sold the beer to Dalrymple, nor that the saloon-keeper knew or had any reason to know that the beer was intended for a minor.  In short, the defendant was the only one known to either the buyer or the seller.  He was a go-between.

The court refused to instruct the jury as requested by the defendant, in substance, that if he only acted as agent or messenger for Carter in procuring the liquor, the verdict must be not guilty, and that unless the saloon-keeper knew or had reason to know that it was a minor who was buying the beer through Dalrymple as his agent, the seller would not be guilty, with the consequence that the defendant must be acquitted.  In other words, the defendant's theory was that the bartender's culpability must be first established before a verdict could be returned against Dalrymple.  On the contrary, the court said to the jury:

"It is not necessary for the state to prove that the proprietors or their agents of the Blanco bar knew or

had reason to know that the beer was intended for a minor.''

It is stated in Section 2142, L. O. L.:

''If any person shall sell, give or cause to be sold or given any intoxicating liquor to any minor in this state * * such person shall be deemed guilty of a misdemeanor. * * ''

Section 2370, L. O. L., reads thus:

''All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the crime, or aid and abet in its commission, though not present, are principals, and to be tried and punished as such.''

From the standpoint of mere statistics, it must be admitted that the greater number of precedents states the rule to be that the act of the defendant as described above does not render him amenable to the charge of selling liquor to a minor. Most of them, however, are mere *dicta,* and almost without exception leave out of view the principle embodied in Section 2370 already quoted. Taking that section into account, the common-sense application of it to the admitted facts in this instance makes it plain that the defendant was a criminal principal in a transaction whereby, for a money consideration paid by the buyer, a minor, the property in some intoxicating liquor was transferred from the seller, the saloon-keeper, to the minor. In short, a sale of intoxicating liquor to a minor took place, and without the assistance rendered by the defendant to the seller the sale would not have been accomplished. Knowing the full scope and purpose of the transaction, the defendant did for the seller an act essential to the completion of the sale, to wit, delivery of the property to the buyer. The action of the defendant in the mat-

ter was aiding and abetting the commission of a crime in every sense of the word. He was himself a principal within the meaning of the statute, and his guilt does not depend upon that of any other person. His own conduct connects him as a principal actor in what the law forbids as a misdemeanor, and he cannot rightfully escape on the plea of agency. The significations of principal and agent and accessory are technical, yet negligible, refinements in such a case with which our statute has wisely dispensed. A parallel case is that of *Wortham* v. *State,* 80 Miss. 205 (32 South. 51), in which Mr. Justice TERRAL said:

"In every case there is a seller as well as a buyer, and a delivery of the whisky sold is an essential and necessary act of the seller to constitute criminality. The seller here, whoever he was, took the hand of Wortham to make a delivery of the whisky to Thames, and Wortham, whatever his intention was, and however his connection with the matter arose, became a participant with the owner of the whisky in the sale of it to Thames. The essential fact of delivery was the sole act of Wortham. And as in misdemeanors, all persons who participated in doing any of the acts constituting elements of crime are, in law, guilty as principals, Wortham may not deny responsibility for his part in this transaction. Wortham was not the agent of Thames in the purchase of the whisky. There are no agents in the violation of law. Whatever acts, being the elements of crime, are done by anyone, are done by such one as principal, and not as agent. No one of the participants in crime is guilty because of a relation of agency to any of the other persons, but each is guilty because his act is a necessary part of the whole crime. Wortham was not the agent of Thames, because agency is not predicable of crime; but his act, in respect to both the seller and Thames, is that of a principal actor. In respect to what was done at the instance of Thames, there is no culpability; but in respect to the delivery

of the whisky for the seller to Thames, the act was that of Wortham as a principal.''

See, also, *Foster* v. *State,* 45 Ark. 361; *Hunter* v. *State,* 60 Ark. 312 (30 S. W. 42); *Buchanan* v. *State,* 4 Okl. Cr. 645 (112 Pac. 32, 36 L. R. A. (N. S.) 83); *Metcalf* v. *State* (Okl.), 133 Pac. 1130; *Dale* v. *State,* 90 Ark. 579 (120 S. W. 389); *Tucker* v. *State,* 110 Ark. 633 (162 S. W. 1086).

If the purveyor of liquor to boys can escape on the subterfuge that he was their agent, drunkenness of minors had as well be canonized and the statute repealed.

Finding no error in the record, the judgment of the Circuit Court is affirmed.

AFFIRMED.    REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.