Submitted on brief September 20, affirmed October 24, 1916.

## STATE *v.* EDLUND.*

(160 Pac. 534.)

**Criminal Law—Offenses—"Accomplice"—Who Is.**

1. Section 2370, L. O. L., declares that all persons concerned in the commission of a crime, whether they directly commit the crime or aid and abet in its commission, are principals, while Section 1540 declares that a conviction cannot be had upon the testimony of an accomplice unless corroborated, and that evidence merely showing the commission of the crime or the circumstances thereof is not sufficient. Prohibition Act (Laws 1915, pp. 151, 155), Sections 5 and 9, denounce the sale or barter of intoxicating liquors, while Section 7 declares that it shall be unlawful for any person to solicit, take or receive any order for intoxicating liquors, or to make any contract for the sale of any intoxicating liquors except where the sale is permitted. There was no provision for the punishment of persons purchasing intoxicating liquors. *Held,* that neither a purchaser nor his agent in effecting a purchase of intoxicating liquors is an accomplice of the seller, and a conviction may be had on the uncorroborated testimony of either; an "accomplice" being a responsible person whose willful participation in the commission of a crime renders him liable to conviction, though of course the agent of the seller would be an accomplice.

[As to who is an accomplice, see note in 138 Am. St. Rep. 273.]

**Criminal Law—Trial—Jury Question.**

2. When the evidence is conflicting as to whether a witness is an accomplice, the question should be submitted to the jury.

**Criminal Law—Appeal—Harmless Error.**

3. In a prosecution for the sale of intoxicating liquors, where the court improperly charged that the buyer's agent was an accomplice, the seller cannot complain that the instruction did not declare the buyer to be an accomplice, and require corroboration of the agent other than by the buyer to justify a conviction, for the instruction as given was more favorable than the seller was entitled to; the agent not being an accomplice.

---

*For cases passing on the question as to whether purchaser of intoxicating liquors illegally sold is an accomplice, see note in 41 L. R. A. (N. S.) 410.          REPORTER.

From Coos: JAMES W. HAMILTON, Judge.

The defendant, Otto Edlund, was convicted of illegally selling intoxicating liquor, and he appeals.

Submitted on brief under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Stoll & Hodge.*

For the State there was a brief submitted over the names of *Mr. George M. Brown,* Attorney General, and *Mr. Lawrence A. Liljeqvist,* District Attorney.

In Banc.    Opinion by MR. CHIEF JUSTICE MOORE.

The defendant, Otto Edlund, was convicted of the crime of unlawfully selling intoxicating liquor in Coos County, Oregon, and appeals from the resulting judgment, assigning as errors the action of the court in refusing to direct a verdict of not guilty, in denying requested instructions and in giving instructions. The testimony introduced by the state tends to show that on February 14, 1916, at Marshfield, Oregon, Mode T. Burwell informed E. Edson he desired to purchase some whiskey, whereupon the latter replied it could be secured from the defendant, to whom Edson introduced Burwell who told the defendant he wanted to buy a quart of whiskey "in bond." Edlund replied that he did not then have any of that kind. Thereupon the three men walked along the street until they came to a building in which was an office occupied by a physician whom Burwell wished to consult with reference to an injured hand. When the men reached the entrance leading to such office Burwell gave Edson

some money with which to purchase the desired liquor.
Edson then accompanied the defendant to a room
which he occupied in that city, where for a considera-
tion of $1.50 he delivered to Edson a bottle of whiskey.
In the meantime Burwell, having seen the physician
and obtained a prescription, had it filled at a drug-
store and, returning to the street, he met the defend-
ant and Edson, when the latter, in the presence of the
defendant, delivered the bottle to Burwell. The de-
fendant then departed and Burwell and Edson went
behind a building on a dock and drank from the bottle,
the contents of which was intoxicating. The errors
assigned may be reduced to a single inquiry, viz.: Did
the transaction on the part of Burwell and Edson make
them accomplices in the alleged commission of the
offense so as to render the testimony of either insuffi-
cient unless corroborated as required by our statute?

1. The defendant denies the sale of the liquor, but
admits meeting Burwell and being introduced to him
as stated. It will thus be seen that the proof of the
actual delivery of the alcoholic beverage by the de-
fendant to Edson depends upon the latter's testimony.
Our statute declares:

"All persons concerned in the commission of a
crime, whether it be felony or misdemeanor, and
whether they directly commit the act constituting the
crime, or aid and abet in its commission, though not
present, are principals, and to be tried and punished
as such": Section 2370, L. O. L.

Another enactment reads:

"A conviction cannot be had upon the testimony of
an accomplice, unless he be corroborated by such other
evidence as tends to connect the defendant with the
commission of the crime, and the corroboration is not
sufficient if it merely show the commission of the

crime, or the circumstances of the commission'': Section 1540, L. O. L.

''An accomplice,'' says a text-writer, ''is a person who knowingly, voluntarily and with common intent, with the principal offender, unites in the commission of the crime'': Wharton, Crim. Ev. (10 ed.), § 440. This definition is approved in *State* v. *Roberts,* 15 Or. 187, 197 (13 Pac. 896), and cited as an authority in *State* v. *Carr,* 28 Or. 389, 396 (42 Pac. 215). In 1 R. C. L. 156, it is said:

''Notwithstanding the frequency of its use, there would seem to be no universally accepted definition of the term 'accomplice,' and its meaning in the law of evidence cannot be said to be settled.''

The term, so far as involved herein, may be defined as follows: An accomplice is a responsible person whose willful participation in the commission of a crime, when that fact is established by competent evidence in a court of requisite jurisdiction, renders him liable to a conviction of the offense. As tending to show that Edson was a *particeps criminis* in the transaction, the defendant's counsel call attention to Section 7 of the Prohibition Act (Or. Gen. Laws 1915, Chap. 141), which is as follows:

''It shall be unlawful for any person to solicit, take or receive within this state any order for intoxicating liquor or make any contract for the sale of any intoxicating liquor, except in cases where the sale of such liquor within the state is permitted.''

Reliance is also placed upon the decision rendered in the case of *State* v. *Gear,* 72 Or. 501 (143 Pac. 890), where an intermediary, with money furnished by a minor, having purchased from a licensed saloon-keeper intoxicating liquor, delivered it to the minor, and it was ruled that such intervening agent was

guilty of violating Section 2142, L. O. L., which declared it to be unlawful to "sell, give, or cause to be sold or given, any intoxicating liquor to any minor in this state." When that decision was given it was lawful for a person, having a license to sell in a particular place intoxicating liquor, to vend it therein to competent adults. In that case the opinion states in effect that the saloon-keeper did not understand nor had he any reason to know that the intoxicating liquor delivered to the intermediary was intended for a minor. The dealer must therefore have supposed the sale was made to the person applying for the beverage. Such person should have known whether or not the applicant to purchase intoxicating liquor was of legal age and if any error in judgment was committed in this particular by the intermediary, he should have been and was properly adjudged guilty of giving alcoholic beverage to a disqualified person: *State* v. *Gulley,* 41 Or. 318 (70 Pac. 385); *State* v. *Brown,* 73 Or. 325 (144 Pac. 444). In *State* v. *Gear,* 72 Or. 501 (143 Pac. 890), Mr. Justice BURNETT, in speaking for the court, remarked:

"If the purveyor of liquor to boys can escape on the subterfuge that he was their agent, drunkenness of minors had as well be canonized and the statute repealed."

The decision in that case has no bearing upon the questions here involved.

The Prohibition Act, which contains Section 7 hereinbefore quoted, repeals all other enactments on that subject in conflict therewith: Or. Gen. Laws 1915, Chap. 141, § 41. It prescribes, however, no provision for the punishment of a person found guilty of purchasing any intoxicating liquor from another in Oregon. The statute referred to is directed against the

person who unlawfully manufactures, sells or barters intoxicating liquors within this state (Id., § 5), or who illegally gives away or furnishes intoxicating liquor for the purpose of evading the provisions of that enactment (Id., § 9). No sales of alcoholic beverage can be made without obtaining a purchaser, it is true, but such buyer not having been interdicted from purchasing intoxicating liquors within Oregon, nor any punishment provided if he do so, he is not "concerned in the commission of a crime" within the meaning of that phrase as used in Section 2370, L. O. L., except perhaps, as all good citizens should be, in the enforcement of the provision of the Prohibition Act, and hence the conviction of a person for unlawfully selling intoxicating liquor may rest upon the uncorroborated testimony of the purchaser. Any other conclusion would render it almost impossible to secure the conviction of a person charged with illegally vending intoxicating liquors, unless such sale were made in the presence of disinterested witnesses who could testify in relation to the fact. If in consummating the sale of the intoxicating liquor Edson acted as the defendant's agent he, as vendor, was an accessory whose testimony, in respect to the commission of the offense, required corroboration. If, however, in securing the alcoholic beverage, Edson acted as Burwell's agent, he, as a purchaser, was not an accomplice, and hence his testimony alone was sufficient to authorize a conviction of the defendant.

2. When the evidence is conflicting, as to whether or not a witness is an accomplice, the question should be submitted, under proper instructions, to the jury: Underhill, Crim. Ev., § 69.

3. The trial court, after referring to the issues, said to the jury:

· "I instruct you that the witness Edson would be under the evidence a party to the crime, if you find there was any crime committed; and therefore you can neither find there was a crime committed or that the defendant committed one, upon his uncorroborated testimony. There must be evidence independent of his testimony which tends to prove the commission of the offense, and to connect the defendant with it."

An exception to this part of the charge was taken by defendant's counsel, on the ground the court should have said the corroboration to be sufficient must be by some witness other than an alleged purchaser of the intoxicating liquor.

An examination of the testimony conclusively shows there is no controversy in respect to the fact that Edson· in purchasing the liquor was acting solely as Burwell's agent. The error of the instruction quoted seems to be based on a wrong conception of the Prohibition Act, wherein it appears to be taken for granted that Section 7 of that enactment rendered a purchaser of intoxicating liquor in Oregon amenable to that provision. Such is not the law. The instruction, however, was more favorable to the defendant than he could legally have asked, and for that reason he cannot complain of the language employed. The Prohibition Act has exempted the buyer of intoxicating liquors from the provisions of that statute, and, this being so, no error was committed as alleged.

The judgment is therefore affirmed. AFFIRMED.