Argued by appellant and submitted on brief by respondent July 2, affirmed September 16, rehearing denied October 6 1924.

## STATE *v.* ELIA RUBENSTEIN.

(228 Pac. 918.)

**Licenses—"Business" as Used in Statute Requiring License of Persons Purchasing Pelts Defined.**

1. "Business" as used in General Laws of 1921, page 301, Section 75 (a), requiring one engaged in business of buying pelts of fur-bearing animals to be licensed, means business in a trade or commercial sense carried on for profit.

**Licenses—Unlicensed Purchaser of Pelts may not Avoid Liability Because Acting as Agent for Unlicensed Principal.**

2. An unlicensed person purchasing pelts of fur-bearing animals in violation of General Laws of 1921, page 301, Section 75 (a), may not avoid liability because acting as the agent of an unlicensed principal, all persons engaged in commission of crime being principals, triable and punishable as such under Section 2370, Or. L.

**Principal and Agent—Agent Executing Order to Do Illegal Act Liable.**

3. An agent executing order to do illegal act cannot escape consequences by shifting liability to principal.

2. Liability of agent or employee in case license tax is not paid by employer, see notes in Ann. Cas. 1913B, 860; 12 L. R. A. (N. S.) 946; L. R. A. 1915A, 106.

See 2 C. J., § 498; 9 C. J., p. 1103; 25 Cyc., pp. 636 (1926 Anno.), 637.

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 2.

The defendant was charged in the Justice Court with, and convicted of, the violation of Section 75 (a) of Chapter 153, General Laws of Oregon of 1921. He appealed to the Circuit Court of the State of Oregon for Lane County, where he was again convicted and sentenced to pay a fine of $25. From that judgment he appeals to this court.　　　　　AFFIRMED.

For appellant there was a brief over the name of *Messrs. Potter, Foster & Immel,* with an oral argument by *Mr. E. O. Potter.*

For respondent there was a brief over the name of *Mr. Clyde N. Johnston,* District Attorney.

BROWN, J.—Section 75 (a) of Chapter 153, General Laws of Oregon of 1921, regulating and protecting fur-bearing animals, provides, among other things:

"Hereafter it shall be unlawful for any person or persons, firm or corporation to engage in the business of buying otter, mink, fisher, marten, muskrat, or the skins or pelts of any other fur-bearing animals, unless such person or persons, firm or corporation shall have first obtained a license from the state game commission."

Upon trial sufficient evidence was adduced upon which to base the finding of the trial jury that the defendant was guilty of engaging in the business of buying the pelts of fur-bearing animals without first having obtained a license therefor.

1. "Business," as used in the statute, has a well-defined meaning.

" 'Business,' where made subject to a tax, ordinarily means business in the trade or commercial sense, carried on for profit." 4 Cooley, Taxation (4 ed.), § 1695.

The court did not err in overruling the defendant's motion for a directed verdict.

2. The defendant contends that because he made the purchase of the pelts for R. M. Miller and Esy Rubenstein, partners engaged in business under the firm name of Willamette Hide and Junk Company, he is not guilty of the crime charged in the complaint. The defendant offered to show "that the only occasions on which he (defendant) handled furs were occasions on which he was sent out by Miller and Rubenstein * * to make purchases for Miller and Rubenstein," and that the defendant "was acting as their agent and employee * * to buy * * furs." It is not contended that Miller and Rubenstein were authorized to engage in the business of buying furs. Upon the other hand, the record proves that they were without license to engage in that business.

It appears, then, that the question of real consequence in this case is: Can the defendant shield himself from the penalty prescribed by law, by showing that while engaged in the commission of the overt act constituting the offense charged, he was the agent of, and was then and there acting under the direction of, an unlicensed principal? We think that question must be answered in the negative.

"It is settled law that an agent may be prosecuted for engaging in a business for which his principal has not taken out a license. And this rule has been held to apply even though such agent had no pecuniary interest in the business." 25 Cyc. 636, 637.

In this jurisdiction, when a statute requires a license as a prerequisite to engaging in the business of buying furs, an agent who commits the forbidden act is personally liable for the penalties provided by statute for persons engaging in such business without first having obtained a license: *State* v. *Chastain,* 19 Or. 176 (23 Pac. 963); *State* v. *Weiss,* 63 Or. 462 (128 Pac. 448); *State* v. *Gear,* 72 Or. 501 (143 Pac. 890); *State* v. *Brown,* 73 Or. 325 (144 Pac. 444); *State* v. *Edlund,* 81 Or. 614 (160 Pac. 534).

Our Code provides:

"All persons concerned in the commission of a crime, whether it be felony or misdemeanor, * * are principals, and to be tried and punished as such." Or. L., § 2370.

See *State* v. *Branton,* 33 Or. 533 (56 Pac. 267); *State* v. *Case,* 61 Or. 265 (122 Pac. 304).

In the case at bar, the agent seeks to justify by showing that he elected to carry out the orders of an unlicensed principal.

3. An agent who executes an order to do an illegal act cannot escape the consequences by shifting the liability to the principal. For an extended list of authorities sustaining our holding, see notes to Ann. Cas. 1913B, 860; 12 L. R. A. (N. S.) 946; L. R. A. 1915A, 106.

In treating of offenses involving violations of licensing acts, it is said by the authors of Cyclopedia Criminal Law, Volume 3, Section 1406:

"Generally a prosecution will lie against any person or corporation who engages in the business without the required license. The fact that the defendant is acting as agent for someone else is no defense. And an agent or employee may be prosecuted for engaging in business for his principal or employer where the latter has not obtained a license."

We have examined all the questions involved in this appeal. The record disclosing no error, this case is affirmed.                                    AFFIRMED.

McBRIDE, C. J., and BEAN, J., concur.