Argued February 3, affirmed April 21, 1965

## STATE OF OREGON *v.* STANLEY

401 P. 2d 30

*Norman L. Lindstedt,* Portland, argued the cause for appellant. With him on the brief were Vosburg, Joss, Hedlund & Bosch, Portland.

*Tom P. Price,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Lusk, Justices.

PERRY, J.

The defendant was convicted of the crime of sodomy committed orally upon or with a 15-year-old boy. From the judgment of conviction the defendant appeals.

The defendant assigns as error the failure of the trial court to grant his motion for a directed verdict of acquittal at the close of the state's case in chief.

The burden of defendant's argument is that the complaining witness was an accomplice and his testimony was uncorroborated as required by ORS 136.550.

The term "accomplice" has been defined by this court as "a person who knowingly, voluntarily and with common intent with the principal offender, unites in the commission of a crime." *State v. Stacey,* 153 Or 449, 455, 56 P2d 1152; *State v. Ewing,* 174 Or 487, 149 P2d 765.

Whether ORS 419.476 affects the status of a child under the age of 16 years so that he may or may not be an accomplice to the commission of a crime is not raised by the parties and it is unnecessary for us to consider that question.

The complaining witness testified he was in a drunken stupor at the time the act was committed and the jury could find that he did not, therefore, voluntarily or willingly consent to enter into this relationship.

■ It is the general rule that one who consents that an act of sodomy be committed upon his person, if capable of consent, is an accomplice. 48 Am Jur 552, Sodomy § 7; 81 CJS 378, Sodomy § 5c(2).

■ Under these circumstances, it was a question for the jury as to whether the complaining witness was or was not an accomplice. *State v. Stacey,* supra; *State v. Weston,* 109 Or 19, 219 P 180; *State v. Edlund,* 81 Or 614, 160 P 534.

■ Should the jury determine that the complaining witness was not an accomplice, the jury could convict upon his testimony alone. *State v. Verganadis,* 50 Nev 1, 248 P 900.

The trial court did not err in overruling defendant's motion.

The defendant also assigns error in the failure of the trial court, at the close of the introduction of all the evidence in the case, to sustain his motion for a directed verdict of acquittal.

What we have said in relation to defendant's first assignment of error is equally pertinent to this assignment.

■ We would add, however, that had the jury concluded that the prosecuting witness was an accomplice, the record discloses independent evidence tending to connect the defendant with the commission of the crime charged. *State v. Rosser,* 162 Or 293, 86 P2d 441, 87 P2d 783, 91 P2d 295.

The judgment of the trial court is affirmed.