Argued May 2, affirmed June 14, 1967

## STATE OF OREGON, *Respondent, v.* HARRY MARCH, *Appellant.*

428 P. 2d 894

*James A. Cox,* Ontario, argued the cause for appellant. On the briefs were Yturri, O'Kief & Cox, Ontario.

*Louis L. Selken,* District Attorney, Bend, argued the cause and filed a brief for respondent.

Before Perry, Chief Justice, and McAllister, Sloan, O'Connell, Denecke, Redding and Fort, Justices.

SLOAN, J.

Defendant was charged in an indictment of " * * * the crime of the unlawful sale of securities without registration as a dealer or salesman" in violation of ORS 59.310. That section defines and describes the prohibited transaction. ORS 59.990 makes it a penal offense to violate ORS 59.310. He was convicted and appeals.

The significant part of ORS 59.310 is:

"(1) No dealer or salesmen shall engage in business as dealer or agent or sell any securities including securities exempted in ORS 59.110, except in transactions exempt under ORS 59.120, unless and until such dealer or salesman has been registered as a dealer or salesman in the office of the commissioner pursuant to this section. * * *."

The only exemption under ORS 59.120 pertinent to this case is (2):

"(2) An isolated transaction in which any security is bought, sold, offered for sale, subscription or delivery by the owner, or by a corporation of its unissued stock, or his or its representative for the owner's or the corporation's account, the purchase, sale or offer for sale, subscription or delivery not

being made in the course of repeated and successive transactions of a like character by the owner or corporation or on his or its accounts by the representative, and the owner, corporation or representative not being the underwriter of the security."

ORS 59.020 (4) defines a "dealer" as:

" * * * every person other than a salesman who in this state engages either for all or part of his time directly or through an agent in the business of selling any securities issued by another person or purchasing or otherwise acquiring such securities from another for the purpose of reselling them or of offering them for sale to the public, or offering, buying, selling or otherwise dealing or trading in securities as agent or principal for a commission or at a profit, * * * ."

A " 'salesman' includes every natural person, other than a dealer, employed or appointed or authorized by a dealer or issuer, to sell securities in any manner in this state. * * * ." ORS 59.030 (2).

■ We have held that these statutes are to be liberally construed to afford the greatest possible protection to the public. *Adamson v. Lang*, 1964, 236 Or 511, 389 P2d 39, *State v. Whiteaker et al*, 1926, 118 Or 656, 247 P 1077.

The evidence in the case disclosed that defendant's regular employment was to sell insurance for Investors Insurance Corporation, an Oregon corporation. There was also evidence, believed by the jury, that he engaged in repeated sales of the stock of that insurance company. He was not registered with the Corporation Commissioner in any capacity.

■ The first assignment of error charges that the court should have allowed a motion for a mistrial because of a questionable statement volunteered by a

witness for the state. The trial court properly denied the motion.

■ The second assignment complains because the court refused to permit defendant to prove the high volume of insurance sold by defendant during the time he was alleged to have been selling stock. It was claimed for this evidence that it would help prove that the stock sales were isolated transactions. It is obvious that the sales of stock described in the evidence were not isolated transactions as defined by the quoted statute.

What other activities defendant may have engaged in would be irrelevant. The issue was, did defendant sell securities in violation of the statute? What else he may have done would be immaterial.

Assignment three is directed at the court's failure to direct a verdict of not guilty. The motion claimed that the state had failed to prove that defendant "did engage as a dealer or agent in the unlawful sale of securities" and that there was no proof that he made a gain or profit from the transactions.

■ There was evidence from several witnesses that defendant offered to sell them stock and did sell them stock. Some of them testified that defendant told them that he knew of stock that he could buy from other persons and sell to the witnesses. A dealer or agent is one who sells as well as one who buys and sells. ORS 59.020 (4). The issue was submitted to the jury by unchallenged instructions and the evidence was sufficient to permit a jury finding that defendant was engaging for part of his time, at least, in the business of selling stock as a dealer. Nor is there any requirement in the statute that the state must prove defendant made a profit before he could be found guilty. The cases cited by defendant do not support his theory.

*Silvertooth v. Kelley,* 1939, 162 Or 381, 91 P2d 1112, 122 ALR 1329, merely reaches the obvious conclusion that a person specifically engaged to make one sale of stock is involved in an isolated transaction. *State v. Rubenstein,* 1924, 112 Or 179, 228 P 918, holds that a business subject to tax ordinarily means a business carried on for profit. The other cases relied on are equally out of focus. The assignment has no merit.

The last asignment concerns the testimony of a witness relative to the date on which defendant cashed a check. The matter complained of was trivial.

The judgment is affirmed.