Argued January 20, affirmed April 9, petition for rehearing
denied May 12, 1970. Petition for review denied by
Supreme Court June 23, 1970

## STATE OF OREGON, *Respondent, v.*
## STEVEN NASHOLM, *Appellant.*

467 P2d 647

*Lawrence O. Gildea,* Eugene, argued the cause for appellant. With him on the briefs were Wylie, Gildea & Speer, Eugene.

*Stephen A. Hutchinson,* Deputy District Attorney, Eugene, argued the cause for respondent. With him on the brief was John B. Leahy, District Attorney, Eugene.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

FORT, J.

Defendant was indicted, tried, after waiver of jury, to the court, and convicted of the crime of selling marihuana to one Ronald Hulegaard, a 16-year-old boy.

The evidence established the following facts:

On March 5, 1968, the police went to the home of the Hulegaard boy. With the consent of the boy and his mother a search of his room disclosed a substance subsequently identified as marihuana.

The following morning, armed with a warrant for the defendant's arrest, the police went to a private house to arrest him. Mr. Nasholm occupied a room in the house. Mr. Nasholm was arrested in the open doorway of the room in which he had been sleeping when the police arrived.

On the night stand beside Mr. Nasholm's bed were found some plastic Glad Bags, and a small amount of vegetable material subsequently identified as marihuana.

At the trial Hulegaard, found by the court to be "obviously hostile to the state," testified that on March 1 he had telephoned the defendant to buy some mari-

huana from him. The defendant shortly thereafter brought a quantity of it to the Hulegaard premises. Outdoors in front of the house Hulegaard paid $15 to the defendant and received from him a plastic Glad Bag containing a quantity of marihuana. The plastic bag was introduced in evidence and identified as being of the kind of plastic bag found in the defendant's room at the time of his arrest.

Defendant asserts it was error for the court to receive into evidence the materials seized from his room at the time of defendant's arrest, because the record does not show he had them in his possession or under his control. He relies on *State v. Oare,* 249 Or 597, 439 P2d 885 (1968).

We disagree. Here the articles were found on the night stand beside the bed from which the defendant had just arisen in the room which he occupied as his own. Only one bed had been occupied in the room, and there was nothing to indicate anyone else shared the room with him.

This is quite different from the facts in *State v. Oare,* supra, where the defendant was not an occupant either of the room where the marihuana was seized or of the house in which the room was located. There he was merely in the room as a visitor in the home.

■ We think there was sufficient evidence of defendant's possession and control of the articles to sustain a conclusion that they were his. The objection is without merit.

The second contention is that there was not sufficient corroboration of the testimony of the "accomplice" to sustain the conviction. The state, however, denies that Hulegaard was an accomplice.

In 2 Anderson, Wharton's Criminal Evidence 240, § 456, the author states:

"The person to whom narcotics are sold is not an accomplice of the defendant who is charged with selling the narcotic. Nor is the purchaser of liquor an accomplice of a defendant being prosecuted for selling such liquor. *　*　*"

CJS states:

"In general, in prosecutions for violation of narcotic laws, the purchasers of the drugs are not regarded as accomplices." 23 CJS 39, Criminal Law § 798(20).

The Supreme Court has had occasion to consider a statute (Oregon Laws § 2224-4 (Olson 1920), General Laws of Oregon ch 40, § 1 (1917)) which made it unlawful for any person "to receive, import, possess, transport, deliver, manufacture, sell, give away or barter any intoxicating liquor" in violation of the Prohibition Act. The specific question before it was whether the purchaser was an accomplice of the seller of liquor sold in violation of the Act.

In *State v. Busick,* 90 Or 466, 177 P 64 (1919), the court said at 474-75:

"The crime charged against the defendant is the sale of intoxicating liquor and the record is conclusive that the prosecuting witness was employed to make the purchase for the purpose of appearing as a witness against the defendant, but there is a very marked difference between the legal status and liabilities of a seller and those of a purchaser. While it is true that a sale cannot be made without a purchaser, it is also true that under the statute the crime is in the sale of intoxicating liquor and not in the purchase. The whole purpose and intent of the prohibition enactment was to prevent and punish the sale of intoxicating liquor, and as it fails to make the purchase of such liquor an indict-

able offense, we hold that Wolf, as a purchaser, was not an accomplice of the defendant as a seller."

See also *State v. Edlund,* 81 Or 614, 160 P 534 (1916), for an identical holding under the 1915 Act, which, however, prohibited only the manufacture, sale or barter of intoxicating liquor.

In the case at bar, ORS 474.020(1) provides:

"It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense or compound any narcotic drug, except as authorized in this chapter."

■ Since the Act does not prohibit the purchase of a narcotic drug, it follows, then, that here Hulegaard was not an accomplice of the defendant. *People v. Chrisman,* 256 Cal App 2d 425, 64 Cal Rptr 733, 741-42 (1968), cert den 395 US 985 (1969); *Crowe v. State,* 84 Nev 358, 441 P2d 90, 95 (1968); *Lujan v. State,* 85 Nev 16, 449 P2d 244 (1969).

Thus it is unnecessary to consider the defendant's contention that there was insufficient corroborating evidence to support the conviction. In the view we take of this case, it is not necessary for us to determine whether, when a defendant is charged under a single statute, as here, which prohibits any one or more of a variety of acts, it is necessary to corroborate the testimony of a witness (ORS 136.550) who is not an accomplice in the commission of the particular act charged, but had the defendant been charged for another act prohibited by the same statute would have been an accomplice thereunder. We hold only that the buyer of a narcotic drug purchased in violation of ORS 474.020(1) is not an accomplice of the seller in the crime of the unlawful sale of the narcotic drug.

The judgment is affirmed.