Argued July 23, reversed with instructions August 13, 1970

## STATE OF OREGON, *Appellant, v.* WILLIAM RANDOLPH BIRT, *Respondent.*

473 P2d 669

*Jacob B. Tanzer*, Solicitor General, Salem, argued the cause for appellant. With him on the brief was Lee Johnson, Attorney General, Salem.

*Harry F. Elliott*, Hillsboro, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

The state appeals from judgment of dismissal following the sustaining of a demurrer to an indictment alleging: Count One, the defendant committed upon a named woman robbery by force and violence, ORS 163.290; Count Two, that as a part of the same act and transaction on the same date the defendant unlawfully and forcibly ravished the same woman, ORS 163.210; and Count Three, that as a part of the same act and transaction on the same date the defendant unlawfully and feloniously permitted osculatory relations to be sustained with his private parts by the same woman, ORS 167.040.

██ The state contends that under *State v. Huennekens,* 245 Or 150, 420 P2d 384 (1966), the allegations of the three counts are valid against a demurrer grounded upon the reasons that more than one crime is stated, and multiple counts are improperly joined. We agree, and in this connection cite our discussion of the same question and the statutes involved in *State v. Clipston,* 3 Or App 313, 473 P2d 682 (1970).

Defendant contends that the counts of the indictment, alleging *forcible* robbery, *forcible* rape, and *permissive* sodomy, are so inconsistent as to constitute a misjoinder. ORS 167.040 provides:

"(1) Any person who commits sodomy or the crime against nature, or any act or practice of sexual perversity, either with mankind or beast, or sustains osculatory relations with the private parts of any person, or permits such relations to be sustained with his private parts, shall be punished
* * * ”

A person can force another, physically and through threats, to do the acts constituting oral sodomy and as a part of the same act "permit" osculatory relations

with his private parts. The word "permit" as used in this context does not mean that the act is necessarily permissive on the part of the victim. See Note 1, *State v. Kuykendall,* 3 Or App 362, 473 P2d 670, Sup Ct *review denied* (1970). *State v. Weitzel,* 157 Or 334, 69 P2d 958 (1937), holds that "force is not an element of the crime of sodomy as defined by the statute." 157 Or at 340. *Weitzel* also holds that evidence of the entire transaction is admissible even though it may disclose the commission of another crime. Id. at 344.

Reversed with instructions to vacate the judgment of dismissal and reinstate the indictment.