Submitted on briefs and record July 23, affirmed August 13, petition for rehearing denied September 8, petition for review denied October 6, 1970

STATE OF OREGON, *Respondent, v.* JERRY WAYNE KUYKENDALL, *Appellant.*

473 P2d 670

Gary D. Babcock, Public Defender, and Ken C. Hadley, Deputy Public Defender, Salem, for appellant.

Robert E. Brasch, District Attorney, and Jerry O. Lesan, Deputy District Attorney, Coquille, for respondent.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

■ After waiver of jury defendant was convicted by the court of sodomy, ORS 167.040, and appeals. The indictment alleged, *inter alia*, that the defendant unlawfully and feloniously had a "perverse sexual affair" with the victim and did "permit"① the victim to sustain osculatory relations with defendant's sexual organ.

The state's evidence consisted of testimony of the victim, and a physician who examined him after the incidents giving rise to the indictment. The victim testified that he was an inmate of the bull pen in the Coos County jail, which consisted of a large pen with a number of small cells within it, none of which was locked at the time of the crime. The victim testified that the defendant, with the cooperation of other inmates, exerted physical force against him and threatened him with death if he did not cooperate, and that the defendant performed sodomy upon his anus and also forced him to have osculatory relations with the

---

① The defendant moved for dismissal at the conclusion of the state's case. Rejecting the motion, the trial judge said:

  " 'Permit' in this case does not show a consensual act on the part of the witness [victim]. It, instead, refers to permission of the defendant, and whether he backed up that permission with force, is irrelevant to the issue immediately before us. I, therefore, deny the motion in both particulars."

The observation thus made was correct under State v. Weitzel, 157 Or 34, 69 P2d 958 (1937). See State v. Birt, 3 Or App 265, 473 P2d 669 (1970).

defendant's private parts more than once, and also with another jail inmate, all on the same night. The particular act charged was one of the osculatory relationships with defendant.

Defendant assigns as error (1) that defendant was convicted upon uncorroborated testimony of an accomplice—that is, the victim; (2) that the prosecutor was permitted to produce evidence of prior inconsistent statements of a defense witness when no foundation was laid therefor.

### Accomplice's Testimony

In *State v. Stanley*, 240 Or 310, 311, 401 P2d 30 (1965), the term "accomplice" was defined as " 'a person who knowingly, voluntarily and with common intent with the principal offender, unites in the commission of a crime * * *.' " The charge in that case was sodomy. The court held that where there is a dispute on the facts, it is a question for the factfinder to determine whether the complaining witness was or was not an accomplice and that if it was determined that the complaining witness was not an accomplice the jury could convict upon his testimony alone. Our review of the transcript in the case at bar indicates that the trial judge, on the disputed evidence which he heard, concluded that the victim did not consent, was forced, and that he was not an accomplice. There was ample competent evidence to support his finding.

### Prior Inconsistent Statements

One of defendant's eight witnesses, all jail inmates on the night in question, was inmate Jones, who testified that he did not hear the "yells and screams" about which the victim had testified, and that he had not

heard or seen anyone threaten the victim. In rebuttal, the state produced a witness who was an inmate of the same jail at a later date, while Jones was still an inmate, who testified that he heard Jones talking to another prisoner, named Graves, and that he, Jones, referred to the incident, saying that he would not treat a dog like the defendant treated the victim, and that Graves replied to Jones that the victim was "one scared son of a bitch." The trial judge stated that he would consider this impeachment testimony "only to the one witness, Jones."

■ The prosecution contends that the testimony was admissible as impeaching evidence of the defendant's witness under ORS 45.600, and that in any event, it being a trial to the court, if the testimony was inadmissible it would be presumed to have been ignored by the court unless it is shown the court relied upon it, citing *State v. Carnathan,* 2 Or App 67, 68, 465 P2d 899 (1970). Defendant contends that ORS 45.610 applies, which requires a foundation to be laid before proof of prior inconsistent statements is permissible. It is unnecessary to consider the asserted error, for the only objection made at the time the evidence was offered was that it was hearsay, and incompetent. If error was to be predicated upon the testimony, the trial court should have been apprised of the reason therefor so it would have had an opportunity to correct any error, and, in the absence thereof, the alleged error will not be considered on appeal. *State v. Avent,* 209 Or 181, 302 P2d 549 (1956), *State v. Zadina,* 1 Or App 11, 457 P2d 670 (1969).

Affirmed.