[No. 2148]

# STATE OF NEVADA, RESPONDENT, *v.* WILLIAM SWITZER, APPELLANT.

[145 Pac. 925]

1. ROBBERY—INDICTMENT—INTENT—"FELONIOUSLY."

An information, substantially following the form of the statute, charging that defendant wilfully, unlawfully, and feloniously took from a person certain goods and chattels of such person, was not defective because not specifically charging a taking with an intent to commit a larceny; the word "feloniously" being a sufficient averment of the intent necessary to constitute the offense.

2. INDICTMENT AND INFORMATION—LANGUAGE OF STATUTE—ROBBERY.

An indictment charging robbery in the language of the statute is sufficient.

3. CRIMINAL LAW—TRIAL—REQUEST FOR INSTRUCTIONS.

Where the court defines the crime in the language of the statute, defendant desiring a more particular instruction should request it.

4. JURY—OBJECTIONS TO PANEL—TIME FOR INTERPOSING.

Under Rev. Laws, sec. 7134, providing that a challenge to the panel must be taken before a juror is sworn, an objection to the panel, first made after the jury was sworn, on the ground that the court had issued a second venire after excusing a portion of the first venire, came too late.

5. JURY—EXCUSING JURORS—SECOND VENIRE—TWO JUDGES.

Under Rev. Laws, sec. 4903, providing that the two judges of the district court shall have concurrent and coextensive jurisdiction, one judge of the district court has power to excuse jurors and to issue a second venire to fill out the panel.

6. CRIMINAL LAW—REVIEW—PRESUMPTIONS.

In the absence of a showing in the record of the grounds on which jurors impaneled were excused, it will be presumed on appeal that the court properly exercised its discretion.

7. JURY—CHALLENGE TO PANEL—GROUNDS.

Under Rev. Laws, sec. 7133, providing that a challenge to the panel can be founded only on a material departure from the forms prescribed by statute in respect to the drawing and return of the jury, or on the intentional omission of the proper officer to summon one or more of the jurors, an objection to the panel, on the ground that the court having summoned a panel of jurors excused a portion of them and issued a second venire, is not well taken.

8. ROBBERY—EVIDENCE—POSSESSION OF WEAPON.

Evidence that defendant, a few days prior to the alleged robbery, had in his possession a revolver similar in appearance to that used in the commission of the robbery and found on his person on his arrest a few days after the offense was committed, was admissible.

9. CRIMINAL LAW—EVIDENCE—OTHER OFFENSES.
    Such evidence was not within the rule prohibiting evidence
    of a separate and distinct crime unconnected with that for the
    commission of which the defendant was on trial, where there
    was nothing to show that at the time witnesses saw the revol-
    ver in defendant's possession he was engaged in the commission
    of any criminal offense.

APPEAL from Second Judicial District Court, Washoe
County; *Thos. F. Moran,* Judge.

William Switzer was convicted of robbery, and he
appeals. **Affirmed.**

*Thomas E. Kepner,* for Appellant.

*Geo. B. Thatcher,* Attorney-General, for the State.

By the Court, NORCROSS, J.:

The appellant was convicted of the crime of robbery,
and appeals from the judgment and from an order
denying a motion for a new trial.

[1] It is contended by counsel for appellant that the
information is fatally defective because of the absence of
a specific charge that the property was taken with intent
to commit a larceny. The information charges that the
defendant did "wilfully, unlawfully, and feloniously take
from the person of and in the presence of Jack Vera
*   *   *   of the personal goods and chattels of the said
Jack Vera," etc.

In *State* v. *Hughes,* 31 Nev. 274. 102 Pac. 563, we said:
"The word 'feloniously,' used in the body of the indict-
ment, in a legal sense, means, 'done with intent to commit
crime.' Its use in an indictment has uniformly been
held to be a sufficient averment of the intent necessary
to constitute the crime."

[2] The indictment follows substantially the form of
the statute, and an indictment in the identical form, so
far as the question here raised is concerned, was held to
be sufficient in *State* v. *Luhano,* 31 Nev. 278, 102 Pac. 260.
See, also, *State* v. *O'Neil,* 71 Minn. 399, 73 N. W. 1091;
*Holland* v. *State,* 8 Ga. App. 202, 68 S. E. 861; *State* v.
*Henry,* 47 La. Ann. 1587, 18 South. 638.

As said by Hawley, J., in *State* v. *McKiernan,* 17 Nev. 224, 30 Pac. 831:

"The technical exactness which existed under the rules of the common law has been superseded by statutory provisions, and it is now sufficient if the' offense is 'clearly and distinctly set forth in ordinary and concise language * * * in such a manner as to enable a person of common understanding to know what is intended.' "

Notwithstanding the many authorities cited by counsel for appellant, holding that an indictment for robbery must specifically charge an intent to commit a larceny, we are not disposed to change the former ruling of this court that the indictment is sufficient. The defendant could not have been misled to his injury by the form of the indictment.·

[3] The same reasoning will apply to the instruction defining the offense in the language of the statute. If defendant had felt that a more particular instruction should have been given, he should have requested it.

[4] It is next urged that the court erred in denying defendant's challenge to the jury panel. It appears from the record that this challenge was not interposed until after twelve of the jurors were called to the jury box and sworn for their examination. Section 284 of the criminal practice act (Rev. Laws, sec. 7134) provides: "A challenge to the panel must be taken before a juror is sworn." The objection to the panel was upon the ground that two venires were drawn, one on the 5th of August and one on the 7th of August, the first venire containing thirty names and the second fifteen names; that only thirty were in attendance, a portion of both venires; that both venires were drawn and made returnable in the chamber of the court presided over by Judge Salisbury.

[5–7] .The venires in question are not embodied in the record. It does not appear upon what day they were made returnable. It appears, however, to have been conceded that upon the return of the first venire a number were excused, and that Judge Salisbury then considered that there was not a sufficient number remaining

for the purposes of the court, and that, consequently, an additional venire was drawn and returned. While the Second judicial district court has two judges, there is but one court; the two judges thereof having "concurreut and coextensive jurisdiction." (Rev. Laws, sec. 4903.) The district court has power to excuse jurors from attendance. (Rev. Laws, sec. 4933.) There is no showing or contention that this power was abused or any showing as to the grounds upon which jurors impaneled were excused. The presumption, of course, is that the court properly exercised its discretion. Finally, the objection does not go either to the drawing or the return of the jury panel. Section 283 of the criminal practice act (Rev. Laws, sec. 7133) provides:

"A challenge to the panel can be founded only on a material departure from the forms prescribed by statute in respect to the drawing and return of the jury, or on the intentional omission of the proper officer to summon one or more of the jurors drawn."

The court did not err in denying the challenge to the panel.

[8-9] Error is assigned in admission, over defendant's objection, of the testimony of two witnesses for the state. These two witnesses testified to seeing a revolver in the possession of defendant about four days prior to the alleged robbery, described its appearance, and, when shown state's Exhibit A, the revolver taken from defendant at the time of his arrest and previously testified to by the complaining witness as similar to the one used upon him the night of the alleged robbery, testified that it was similar in appearance to the revolver they had seen in defendant's possession on the previous date. The witnesses testified to seeing the revolver in the possession of defendant at the car barn of the Reno Traction Company about 4 or 5 o'clock of the afternoon of July 7. One of the two witnesses, C. S. Nichols, testified that he was a member of the Reno police force dressed at the time in citizen's clothes. There was nothing in the testimony of the witnesses showing, or tending to show,

that at the time they saw the revolver in defendant's possession the latter was engaged in the commission of any criminal offense, was under arrest, or was exhibiting the revolver in any other than a lawful manner. There is nothing in the testimony objected to which brings it within the general rule prohibiting the introduction of evidence of an entire, separate, and distinct crime unconnected with the crime for the commission of which the defendant is on trial.

It was an evidentiary circumstance, proper to be considered together with other evidence and evidentiary circumstances in the case, that defendant, a few days prior to the robbery, had in his possession a revolver similar in appearance to that used by the robber in the commission of the robbery and found on the person of defendant at the time of his arrest a few days after the offense was committed. (*People* v. *Oldham*, 111 Cal. 654, 44 Pac. 312.)

Judgment affirmed. _____