# STATE *v.* VERGANADIS

## No. 2741

September 10, 1926.                                    248 P. 900.

1. SODOMY—PLEADING.

Information charging that defendant attempted to commit infamous crime against nature on a male human being by doing certain acts which tended to accomplish said crime, *held* not deficient in failing to charge overt act, and stated attempt to commit offense within Rev. Laws, 6291.

2. CRIMINAL LAW—ATTEMPT MUST BE OVERT ACT.

Act done as attempt to commit crime within Rev. Laws, sec. 6291, must be overt act and go .beyond mere preparation to commit and tend to accomplish it.

3. SODOMY—PLEADING.

In information charging attempt to commit infamous crime against nature, it was unnecessary to allege the substantive crime by more than its statutory designation.

4. SODOMY—EVIDENCE.

Evidence *held* to show purpose of committing infamous crime against nature and sufficient to sustain conviction of attempt to commit.

5. CRIMINAL LAW—ACCOMPLICE.

Testimony of a feigned accomplice does not require corroboration.

6. CRIMINAL LAW—ACCOMPLICE.

It is for jury to determine from evidence whether witness was an actual or only a feigned accomplice.

7. CRIMINAL LAW—FINDING CONCLUSIVE.

Finding of jury under proper instructions as to whether witness was actual or only feigned accomplice is conclusive.

8. CRIMINAL LAW—ACCOMPLICE DEFINED.

"Accomplice" is one who knowingly, voluntarily, and with common intent with principal offender unites in commission of crime, but one who cooperates with view of aiding justice to detect crime is a "feigned accomplice."

9. CRIMINAL LAW—ACCOMPLICE.

Instruction stating that witness simulating complicity in crime to secure evidence was not accomplice *held* not to assume that witness was feigned accomplice.

10. CRIMINAL LAW—ACCOMPLICE.

In prosecution for attempt to commit infamous crime against nature, instruction stating statute as to corroboration necessary in case of accomplices, and that if crime was committed by mutual criminal consent of parties and that if complaining witness criminally participated he was an accomplice, *held* not error, in view of instruction as to feigned accomplices.

11. CRIMINAL LAW—ACCOMPLICE.

Instruction in exact language of statute as to extent of corroboration of accomplice necessary to support a conviction *held* not error.

12. SODOMY—CONSENT NO DEFENSE.

Where jury found under evidence complaining witness was not an accomplice, instruction that in prosecution for infamous crime against nature, or attempt to commit it, it was immaterial whether person abused consented thereto and consent constituted no defense *held* not to deprive defendant of substantial defense.

13. CRIMINAL LAW—SODOMY—INSTRUCTION.

In prosecution for attempt to commit infamous crime against nature, instruction setting out elements of crime and stating substantive crime attempted *held* not error, in absence of request for more specific instruction.

#### C. J.-CYC. REFERENCES

CRIMINAL LAW—16 C. J. sec. 93, p. 113, n. 16; p. 114, n. 21; sec. 1344, p. 670, n. 68; sec. 1351, p. 673, n. 89, 90; sec. 1370, p. 678, n. 65; sec. 2331, p. 952, n. 16; sec. 2416, p. 1001, n. 2; sec. 2495, p. 1053, n. 93; sec. 2498, p. 1056, n. 20; 17 C. J. sec. 3597, p. 271, n. 28.

INDICTMENTS AND INFORMATIONS—31 C. J. sec. 173, p. 654, n. 20; sec. 292, p. 742, n. 35.

SODOMY—36 Cyc. p. 503, n. 21; p. 504, n. 30; p. 505, n. 41, 45.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Peter Verganadis was convicted of an attempt to commit the infamous crime against nature, and he appeals. **Affirmed.**

*Frame & Raffetto,* for Appellant:

Information does not state cause of action. It alleges certain acts were committed with "intent to commit the infamous crime against nature," but does not allege that acts set out and intended to be overt acts were committed with intent to penetrate body of complaining witness, thereby stating merely legal conclusion. Constituent elements of attempt to commit offense consist of some act toward commission of offense with intent to commit act and failure of consummation. State v. Dawson, 45 Nev. 255. Argumentative allegations and mere conclusions are insufficient. Between preparation for attempt and attempt itself, there is wide difference. State v. Lung, 45 Nev. 209; State v. Logan, 1 Nev. 93.

Complaining witness is in law accomplice whose uncorroborated testimony is insufficient to convict. Rev. Laws, 6274, 7180.

It is unlawful for public officers to originate scheme to entrap person in commission of crime. Zoline, Fed. Crim. Law & Pro. 305; State v. Douglas, 26 Nev. 196.

*M. A. Diskin,* Attorney-General; *William J. Forman,* Deputy Attorney-General; *L. D. Summerfield,* District Attorney, and *H. L. Heward,* Deputy District Attorney, for Respondent:

Information is clearly sufficient; overt act is specifically and completely set out, not mere preparation for act. Cases cited by appellant differ vitally from charge made in case at bar. Whether charge be that of act itself or attempt to commit same, it is sufficient to charge it by name only, "the offense being too well known and too disgusting to be further defined." 36 Cyc. 503; In Re Benites, 37 Nev. 145.

Rev. Laws, 6274, is not defense enactment; it deals with principals, not accomplices, and enables state to prosecute certain class as principals. Clause relied on "the fact that the person aided, etc., could not or did not entertain a criminal intent, shall not be a defense to any person aiding, etc.," does not apply. One who feigns complicity in order to entrap accused is not accomplice. 16 C. J. 673; 1 R. C. L. 159; State v. Douglas, 26 Nev. 196; State v. Smith, 33 Nev. 438.

Distinction between real and feigned accomplice depends upon criminal intent or lack of it. 16 C. J. 673.

It is proper that jury be left to determine whether complaining witness was real or feigned accomplice. 16 C. J. 678.

All corroboration necessary is evidence tending to connect defendant with commission of crime. Rev. Laws, 7180.

Consent of complaining witness is no defense. Act is so vile that its commission, irrespective of consent, is criminal. 36 Cyc. 504.

Crime is so well known it is not necessary to detail acts which constitute it. 36 Cyc. 503; In Re Benites, supra.

Instruction defining offense in language of statute was

sufficient.   36 Cyc. 503.   If defendant desired more detailed instructions it was incumbent on him to prepare and present same.   State v. Switzer, 38 Nev. 108.

## OPINION

By the Court, DUCKER, J.:

The appellant was convicted by a jury upon an information the charging part of which is as follows, to wit:

"That said defendant on the 3d day of February, A. D. 1926, or thereabout, and before the filing of this information, at and within the county of Washoe, State of Nevada, did then and there willfully, unlawfully, and feloniously attempt to commit the infamous crime against nature with and upon one ——————, a male human being, by then and there placing his penis at and against the thighs and rectum of the said ——————, which act then and there tended to accomplish the said crime, to wit, the infamous crime against nature with or upon the said ——————."

1, 2.   He appeals from the judgment and order denying his motion.   He contends that the information does not state facts sufficient to constitute the public offense of an attempt to commit the infamous crime against nature in that it fails to allege that the acts designated were done with intent to penetrate the body.   In this respect it is contended that the allegation that the acts were done with intent to commit the infamous crime against nature is a legal conclusion and does not supply the deficiency.   It is argued that the acts alleged, at the most, merely show preparation to commit the crime, which is not sufficient to show an attempt to commit it.   Section 6291 of the Revised Laws defines an attempt as follows:

"An act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit the crime."

The act done must be an overt act.   It must go beyond mere preparation to commit the crime and tend to accomplish it.   State v. Lung, 21 Nev. 209, 28 P. 235,

37 Am. St. Rep. 505, and People v. Murray, 14 Cal. 159, are cited by appellant in support of his last-mentioned contention. They are, however, readily distinguished on the facts from the instant case. In State v. Lung, the act complained of did not go beyond the stage of preparation· in mixing cantharides in some coffee which the defendant knew a certain woman would drink. So, in People v. Murray, there was no overt act—merely preparation to contract an incestuous marriage by the defendant in eloping with his niece for that avowed purpose, and his request to one of the witnesses to go for a magistrate to perform the ceremony. The court held that these acts were preparatory to the marriage, and that the attempt could not have been made until the officer was engaged and the parties stood before him ready to take the vows appropriate to the contract of marriage. As said by this court in the former case, quoting approvingly from the latter:

"Between preparation for the attempt and the attempt itself, there is a wide difference. The preparation consists in devising or arranging the means or measures necessary for the commission of the offense; the attempt is the direct movement toward the commission after the preparations are made."

Certainly it cannot be held that the information in this case does not allege a direct movement toward the commission of the crime by the allegation, "by then and there placing his penis at and against the thighs and rectum of the said ——————." State v. Dawson, 45 Nev. 255, 201 P. 549, is also cited by appellant, but in that case the information failed to allege any act showing an attempt. In this respect it alleged merely a willful, unlawful, and felonious attempt to have carnal knowledge of a female child of the age of ten years. In State v. Pierpoint, 38 Nev. 173, 147 P. 214, this court held that an indictment which charged that the defendant "did then and there unlawfully and feloniously attempt to carnally know upon the person of a female child * * * of the age of 13, by procuring her to get in bed with him, the said defendant, and soliciting her

to have intercourse with him, all with the felonious intent then and there to rape, etc.," sufficiently charged an overt act and the crime under the statute.

3. It will be seen that the allegation in the instant case is more directly a step toward the commission of the substantive crime than in that case. The information is not deficient in failing to charge the overt act essential in this class of cases, and states facts sufficient to constitute a public offense. It was not necessary to allege the substantive crime with which appellant is charged with attempting to commit by more than its statutory designation, to wit, the infamous crime against nature, either with man or beast. The statute does not further define it, but what is meant is common knowledge. Even though a conclusion of law, it is sufficient to enable a person of common understanding to know what is intended. By statute the attempt to commit it is a crime. As was said in State v. McKiernan, 17 Nev. 224, 30 P. 831, and quoted with approval in State v. Switzer, 38 Nev. 108, 145 P. 925:

"The technical exactness which existed under the rules of the common law has been superceded by statutory provisions, and it is now sufficient if the offense is 'clearly and distinctly set forth in ordinary and concise language * * * in such a manner as to enable a person of common understanding to know what is intended.' "

How can it be said that appellant in this case could not know what was intended by the charge in the information of an attempt to commit the infamous crime against nature? Assuming that he did not know what was meant by the term "the infamous crime against nature," whether it was a crime with man or beast or in what particular manner it must be done to constitute the crime, the act alleged in the information constituting the attempt, to wit, "by then and there placing his penis at and against the thighs and rectum of the said —————————," informed him specifically in this regard.

4-6. It is claimed that, even though it should be conceded that the complaining witness was not an

accomplice, the evidence does not support the charge of the information. Though several witnesses, including officers and the father of the complaining witness, saw the latter and appellant go into and emerge from the place where it is alleged the crime was committed, no one testified to having seen the appellant commit the crime except the complaining witness. But his evidence is sufficient to sustain the conviction. It tends to show more than preparation for its commission and an actual attempt. What we have said as to the allegation of the information showing an overt act instead of preparation applies to the evidence. There is no merit in the contention that the evidence did not tend to disclose a present ability on the part of appellant to commit the infamous crime against nature. It is insisted that the evidence fails because complaining witness was an accomplice and his testimony as to the attempt is uncorroborated as required by the statute. The state contends that the evidence discloses that the complaining witness was a feigned accomplice and not within the meaning of the statute; that the question therefore was properly left with the jury under the instructions of the court. The question depends upon whether there is evidence tending to show that the complaining witness was a feigned accomplice, for it is well established in this state and elsewhere that the testimony of such does not require corroboration to support a conviction. State v. Smith, 33 Nev. 438, 117 P. 19; People v. Bolanger, 71 Cal. 17, 11 P. 799; State v. McKean, 36 Iowa, 343, 14 Am. Rep. 530; Campbell v. Commonwealth, 84 Pa. 187; Greenleaf on Evidence, sec. 382. It is also well established that it is for the jury to determine from the evidence whether the witness was an actual or only a feigned accomplice. See cases cited above.

7. "Where the voluntary cooperation in the commission of a crime is admitted," says Mr. Wharton in his work on Criminal Evidence, vol. 1 (10th ed.) sec. 440, "the court may charge the jury that the witness is an accomplice; but where the evidence is conflicting as to the manner of cooperation, the question as to whether

or not the witness is an accomplice should be submitted to the jury, under instructions as to voluntary or real cooperation in the commission of the offense charged." The finding of a jury as to the fact under proper instructions is conclusive. State v. Smith, supra.

The testimony introduced by the state was in substance as follows: The complaining witness is a boy 18 years of age and the appellant a man of Greek nativity who conducted a pool hall in Reno. The chief of police and Mr. Morse, a boy scout executive of the western Nevada council, suspected the appellant of perpetrating the infamous crime against nature on boys, and the former asked the latter to find out what he could about it. Under their directions the boy went to the appellant's pool room on the 21st day of December, 1925, and asked him for $7.50, telling him that he wanted the money to repair his automobile. Appellant told him to come back on the following day and he would give it to him. The complaining witness did so, and appellant gave him $7.50. The complaining witness told him that he might not be able to pay him back until after pay day, and appellant replied that if he (complaining witness) would give him something that he had promised him a couple of years ago all loan transactions would be square. He tried to make a date with the boy for 10 o'clock that evening. The latter told him that he was working and had to be home early. Appellant then asked the boy to set the date, which he did, setting it at 7:30. At that time he returned, and appellant told him that he had to work and could not go. He gave the complaining witness 50 cents on this occasion and made a date with him for the following evening. The complaining witness returned on that evening. Appellant told him that he had to work and could not go, and made a date for the following evening. The complaining witness then told him that if he did not keep the date on the next evening all debts would be canceled because of his failure to do as he promised. When he returned on the following evening the appellant told him he had to work, but finally walked out, motioning him to follow.

The appellant led the boy to a place where a stairway went underneath a building and asked the complaining witness to follow him down, but he refused, stating that it was dark and that a Japanese prostitute lived down there and that he did not want to go unless he knew exactly where he was going. The appellant said a friend of his lived down there and tried to persuade him to go down. They walked back to a corner of the street and separated. Before separating the appellant gave the boy 50 or 75 cents. Mr. Morse, Mr. Scott, an officer, and the father of the complaining witness followed the pair on this occasion according to arrangements with the complaining witness. In the latter part of January, as the complaining witness was passing the pool room, appellant accosted him and tried to induce him to go to his room. As the former was moving away the appellant ran after him and stopped him and tried to get him to go to his cabin. The complaining witness refused, and was asked by appellant for another date. The witness next saw appellant at his place of business on the afternoon of February 3, and was asked by him for another date which was fixed at 10 o'clock that evening. Before parting appellant gave the witness 50 cents and took some liberties with his person. The witness informed Mr. Morse of the date and place. He returned on the hour agreed upon, and, meeting appellant at a corner of the street, followed him to an opening between two sheds into a small house. In this place the appellant made the attempt upon the person of the complaining witness for which he was convicted. In going to the place the witness walked slowly so as to give the officers who were following an opportunity to be close enough to watch their actions. On coming out of the place the witness asked appellant if that was all he got, and appellant gave him a few nickles, dimes, and quarters. Appellant was arrested by the officers before he reached his place of ·business. We do not care to state the revolting details of what happened at the place where the attempt was made. It is sufficient to say that, according to the testimony of the complaining witness,

he did only what the appellant asked him to do by removing a part of his clothing and placing himself in a position on the bed to facilitate the appellant's purpose. He did not request appellant to do anything, and never intended to permit him to proceed further than making an attempt to commit the crime. He made several exclamations intended as signals to the officers on the outside. He afterwards on that night appeared at the police station when the officers were questioning appellant. He turned over to the officers or Mr. Morse all moneys received from appellant shortly after receiving it.

The appellant was a witness in his own behalf and the only witness for the defense. He denied that he made an attempt to commit the crime. On this state of facts the question of whether the complaining witness was a feigned accomplice or a real accomplice whose testimony required corroboration under the statute was properly submitted to the jury. If they believed his testimony as to his statements to the appellant and his actions and his purpose in seeking his company, his testimony as to the commission of the crime required no corroboration to support a conviction.

8. An accomplice is one who knowingly, voluntarily, and with common intent with the principal offender unites in the commission of the crime. Wharton, Crim. Ev. 440; 1 R. C. L. 158. "But," says the author above quoted, "there are certain relations recognized by law, in which the voluntary cooperation of a person with the accused does not render such a person an accomplice. Thus, those who cooperate with a view to aid justice by detecting a crime." Such an one is termed in law a feigned accomplice. 1 R. C. L. 159.

The rule established by the weight of authority is that one who feigns complicity in the commission of a crime in order to entrap the person on trial is not an accomplice, even though he may have actually encouraged or counseled the commission of the crime. 16 C. J. 673. See cases cited in note 89 in support of the rule declared. It is insisted that the commission

of the crime did not originate with the appellant, but with the officers who through the agency of the complaining witness induced him to make the attempt to commit it and that this, together with the fact that the witness actually participated in the attempt, makes him an accomplice.

The evidence we think shows that the purpose of committing the crime originated with the appellant. The officers suspected him of committing such crimes, and merely originated the idea of entrapping him by giving him an opportunity to do so. The witness did not suggest the crime; it was suggested by appellant. Dates were asked for and money given by the appellant to him for the purpose. The witness acted throughout under the instructions of officers, which were to do nothing further than afford appellant an opportunity to make the attempt to commit the crime. It is true as stated by appellant's counsel that the witness actually participated in the attempt, but this does not make him an accomplice under the facts of this case for the reason that there was no criminal intent on his part to commit the infamous crime against nature. The intent must be to commit some one of the substantive crimes mentioned in the statute. Section 6291 of the Revised Laws, supra. As said in State v. Thompson, 31 Nev. 216, 101 P. 559:

"In an attempt to commit a crime, three elements are involved: First, the intent to commit the crime. Second, performance of some act towards its commission. Third, failure to consummate its commission."

Section 6274 of the Revised Laws, cited by appellant, has no application to the facts of this case. It applies principally to persons concerned in the commission of a crime with a criminal intent. That portion of the section which reads, "The fact that the person aided, abetted and counseled, encouraged, hired, commanded, induced or procured could not or did not entertain a criminal intent shall not be a defense to any person aiding, abetting, counseling, encouraging, hiring, commanding, inducing or procuring him," means simply what it

states, that is, if one gets another to commit a crime who was incapable of forming or did not have a criminal intent, the lack of such is no defense to the one procuring him. The former may be prosecuted and convicted as a principal under the other provisions of the section.

Counsel for appellant cite State v. Douglas, 26 Nev. 196, 65 P. 802, 99 Am. St. Rep. 688, and declare that the law of this state is settled by that decision that one who participates in a criminal act is an accomplice. The language relied on is as follows:

"The record does not show that the witness was a 'coconspirator,' within the meaning of that term. He did not participate in the criminal act, and did not suggest or plan it. It does show that the appellant planned and committed the crime. It further shows that he suggested the commission of the crime to the witness, who had, in anticipation of some such suggestion, been appointed a deputy sheriff by the sheriff of Lyon County, and was acting as such, without the knowledge of the appellant, when appellant invited him to join in the commission of the crime of larceny; that the witness consented to join in the offense, but did not, and kept his principal, the sheriff, fully informed as to what was transpiring between him and appellant."

It will be observed that the court was merely stating the facts of the case which showed that the witness was not a coconspirator, one of which was that he did not participate in the criminal act. It certainly cannot be consistently contended as tantamount to a holding that in all cases one who participates in the commission of a crime regardless of his intent must necessarily be a coconspirator, principal, accessory or accomplice. It will be observed also that the court said, "It [the record] also shows that all that was done or said by the witness was without criminal purpose or intent—citing in support of this statement Campbell v. Com. 84 Pa. 187. In that case it was held that a detective who joins a criminal organization for the purpose of exposing and bringing the criminals to punishment and honestly carries out the design is not an accessory before the fact, although

he may have encouraged and counseled the parties who were about to commit crime, if in so doing he intended that they should be discovered and punished.

9.   The question of whether or not the complaining witness was an accomplice was under the facts of this case submitted to the jury by proper instructions. Instruction No. 2 reads as follows:

"The court instructs the jury that the question of whether or not a witness is an accomplice is to be decided by the jury. You are further instructed that one who without criminal purpose or intent feigns or simulates complicity in the commission of a crime merely for the purpose of securing evidence against the person on trial is not an accomplice."

This is a correct statement of the law. It does not, as claimed by appellant, assume that the witness was a feigned accomplice.

10.   In instruction No. 7 the court stated the statute as to the corroboration necessary in the case of an accomplice, and added:

"In this connection you are instructed that if the said crime was committed as alleged in the information by the mutual criminal consent of the parties, they are equally guilty thereof, and that the said ——————, the complainant, if the jury believe from the evidence that he criminally participated, then in law he was what is known as an accomplice, and it is the law of this state that no person should be convicted on the uncorroborated testimony of such an accomplice."

The instruction is complained of on account of the words, "mutual criminal consent," and "that he criminally participated," it being claimed as heretofore stated that if the witness participated in the attempt, regardless of any criminal intent, he was an accomplice. What we have said as to the evidence on this point applies to the instruction, and it is not erroneous in this respect. If the jurors were satisfied from the evidence that the witness did not intend to participate in the commission of the infamous crime against nature and was acting merely to procure evidence against appellant

of an attempt to commit the crime, his testimony could not be regarded as the testimony of an accomplice. This instruction, together with instruction No. 2, properly submitted the question to the jury.

11. It is also insisted that the instruction is erroneous in that it nowhere tells the jury that the fact that a crime was committed by the appellant must be corroborated. The instruction is in the exact language of the statute as to the extent of the corroboration necessary to support a conviction. It is therefore correct in this respect.

12. Instruction No. 8 is complained of. It reads:

"The court instructs the jury that in a prosecution for the infamous crime against nature, or for an attempt to commit said crime, it is immaterial whether the person so abused, if he was so used or abused, consented thereto, and consent to such an act or attempt constitutes no defense."

The instruction is correct. The proposition that consent of the prosecuting witness is no defense in a case of this character is so well established that citation of authority in support of the rule is unnecessary. It is argued against the instruction that it deprived the appellant of a substantial defense, to wit, that the commission of the act was procured through the connivance and consent of the officers and through their agent, the complaining witness. If this were true, it is said, the consent and participation in the act so committed would render the defendant guiltless, it being the policy of the law not to punish for an offense the commission of which was induced by and participated in by the acts and conduct of the agents of the state.

Under the state of facts assumed in the argument the complaining witness could have been found to have been an accomplice, providing his consent was given with criminal intent, but this would have amounted to only a failure of proof on account of the lack of corroboration required by the statute. The jury, however, found on substantial evidence and under proper instructions that

the complaining witness was not an accomplice. The instruction therefore did not deprive appellant of a substantial defense.

13. Appellant complains of instruction No. 1, and insists that it is erroneous in that it did not detail the acts essential to constitute the infamous crime against nature, or an attempt to commit that crime. The instruction sets out the information, defines an attempt to commit a crime in the language of the statute, states the elements involved in an attempt to commit a crime, and tells the jury that, in view of the foregoing, if it finds from the evidence and beyond a reasonable doubt that the defendant did in Washoe County, Nevada, on the 3d day of February, 1926, or thereabout, willfully, unlawfully, and feloniously make the attempt in the manner charged in the indictment, then it should find the defendant guilty as charged. The instruction sets out the essential elements of an attempt to commit a crime, and states the substantive crime attempted, in the language of the statute. If appellant desired a more specific instruction on this point he should have prepared and presented such an instruction to the court. State v. Switzer, 38 Nev. 108, 145 P. 925.

Finding no error in the record, the judgment is affirmed.

It is so ordered.