ERNEST STEWART, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5760

June 17, 1969
455 P.2d 914

*Raymond E. Sutton,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General; and *George E. Franklin, Jr.,* District Attorney; *George E. Holt,* and *Richard D. Weisbart,* Deputy District Attorneys, Clark County, for Respondent.

**OPINION**

By the Court, MOWBRAY, J.:

A jury found Ernest Stewart guilty of attempted robbery. He has appealed to this court, seeking a reversal, on the sole ground that the evidence received during his trial was insufficient to support the jury's verdict.

Marvin Luedtke, who was the victim of the crime, and two police officers appeared for the State. Their testimony stands uncontroverted. It shows that the appellant, Stewart, approached Luedtke, a service station operator, and after brandishing a loaded .32 caliber automatic pistol, said, "I want all of your money." When Luedtke told him that the money was kept in a cash box located near the fuel pumps in front of the station, Stewart demanded the contents of Luedtke's wallet, which Luedtke promptly produced. It was at this juncture that the two police officers drove into the station. One of the officers actually saw the pistol in Stewart's hand. When Stewart saw the officers, he directed Luedtke to bring him two cans of oil and to act as though he, Stewart, were purchasing the oil. Luedtke gave him the oil. Stewart took one can, put his pistol in Luedtke's desk drawer, and attempted to leave the station. He was immediately apprehended by the officers.

Stewart argues that the attempted robbery was not proved because the evidence shows that he had abandoned his intent to commit the crime when he put down the pistol and left the station. We do not agree. The attempted robbery of Luedtke was completed when Stewart produced his pistol and demanded the money. State v. Verganadis, 50 Nev. 1, 248 P. 900 (1926). The fact that Stewart was apprehended on the spot

does not lessen his guilt. As the court said in People v. Robinson, 4 Cal.Rptr. 679, 682 (Cal.App. 1960), ". . . once an intent to commit a crime has been formed and overt acts toward the commission of that crime have been committed by a defendant he is then guilty of an attempt, whether he abandoned that attempt because of the approach of other persons or because of a change in his intentions due to a stricken conscience."

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.