EDWARD ECKERT, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 9598

June 16, 1977                    565 P.2d 335

*Swanson & Momot, Ltd.,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* Special Prosecutor, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Pursuant to a True Bill returned by the Clark County Grand

Jury, Edward Eckert was indicted for conspiracy to commit murder, a felony under NRS 199.480. A pretrial habeas corpus petition challenged the quantum and quality of the evidence in support of the indictment. Habeas was denied and, in this appeal, Eckert again advances the same contentions.

The charge arises out of an alleged scheme, designed by Eckert and another individual while they were in jail, to kill a woman who they believed could provide damaging testimony against them in an unrelated criminal proceeding. Virtually all of the incriminating testimony in the instant case was provided by David Ledcke, a jail acquaintance of Eckert, who ostensibly participated in the plan.

Eckert's central contention is that Ledcke was an accomplice; therefore, he argues we cannot consider Ledcke's damaging testimony because it was not corroborated, as required by NRS 175.291.[1] The contention is rejected.

All of Ledcke's participation and efforts in pursuit of the scheme were performed in conjunction with, and under the supervision and direction of, Las Vegas police officers. Thus, the record supports the district judge's determination that Ledcke was, in fact, a feigned accomplice. *See* State v. Verganadis, 50 Nev. 1, 10, 248 P. 900, 903 (1926), where this court wrote that "one who feigns complicity in the commission of a crime in order to entrap the person on trial is not an accomplice, even though he may have actually encouraged or counseled the commission of the crime." *Compare* Austin v. State, 87 Nev. 578, 491 P.2d 724 (1971). The testimony of a feigned accomplice need not be corroborated. At the time of trial, whether Ledcke was a mere feigned accomplice, and if not, whether sufficient corroboration has been adduced will be issues for presentation to the jury upon proper instruction.

Eckert's ancillary contention is also without merit. Franklin v. State, 89 Nev. 382, 513 P.2d 1252 (1973).

Affirmed.

---

[1]NRS 175.291(1) provides:

"A conviction shall not be had on the testimony of an accomplice unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof."