An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ADOLFO JAVIER VILLA A/K/A RAMON CONTRERAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63331

**FILED**

MAY 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant argues that the district court erred in denying his claims of ineffective assistance of counsel raised in his November 7, 2011, petition. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To demonstrate prejudice regarding the decision to enter a guilty plea, a petitioner must demonstrate a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. To warrant an

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15239

evidentiary hearing, a petitioner must raise claims that are supported by specific factual allegations that are not belied by the record and, if true, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

First, appellant argues that his counsel was ineffective for failing to negotiate a plea deal. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant included a declaration from an attorney who represented him for a different criminal matter which states that counsel from the public defender's office, including counsel for the instant conviction, discussed a plea offer from the State which would have encompassed appellant's pending charges and that appellant rejected that offer. Therefore, appellant fails to demonstrate that his counsel for this matter did not attempt to negotiate a plea deal. Moreover, appellant fails to meet his burden to demonstrate that he was prejudiced by his counsel's performance, as he fails to demonstrate that counsel could have obtained any more favorable concessions from the State or that the district court would have accepted it, as there was substantial evidence of his guilt and appellant had a lengthy criminal record. *See Lafler v. Cooper*, 566 U.S. ___, ___, 132 S. Ct. 1376, 1385 (2012). Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Second, appellant argues that his counsel was ineffective for failing to explain the waiver of rights, the charge, or the habitual criminal enhancement. Appellant also argues that he has difficulty understanding and retaining information that he reads, which caused him to lack a clear understanding of the guilty plea agreement. Appellant fails to demonstrate that his counsel's performance was deficient or that he was

prejudiced. Appellant acknowledged in the guilty plea agreement and at the plea canvass that he understood the rights he waived, the charge against him, and the possible sentences. Appellant further acknowledged in the guilty plea agreement and at the plea canvass that counsel had answered all of his questions. Appellant fails to demonstrate a reasonable probability of a different outcome had counsel explained these issues in more detail to appellant. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Third, appellant argues that his counsel was ineffective for failing to investigate the case in preparation for a possible trial. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant acknowledged in the guilty plea agreement that he had discussed possible defenses with counsel. Appellant fails to demonstrate that there was any evidence available that counsel would have discovered through reasonably diligent investigation that would have had a reasonable probability of causing appellant to insist on going to trial. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Fourth, appellant argues that his counsel was ineffective for pressuring him to plead guilty because counsel was too inexperienced for a trial. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant acknowledged in the guilty plea agreement and at the plea canvass that he entered his guilty plea voluntarily and did not act under duress or coercion. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Fifth, appellant argues that his counsel was ineffective for failing to file more than one motion. Appellant fails to demonstrate either deficiency or prejudice for this claim as he fails to identify any motion that objectively reasonable counsel would have filed which would have had a reasonable probability of causing appellant to refuse to plead guilty and insist on going to trial. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Sixth, appellant argues that his counsel was ineffective for failing to argue that appellant abandoned the crime. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant and an accomplice had already begun the process of breaking into a business when a police officer arrived on the scene. It was only at that time did they attempt to leave the scene of the crime. Under these circumstances, appellant did not legally abandon his attempt to burglarize the business. *See Stewart v.* State, 85 Nev. 388, 390, 455 P.2d 914, 914-15 (1969) ("[O]nce an intent to commit a crime has been formed and overt acts toward the commission of that crime have been committed by a defendant he is then guilty of an attempt, whether he abandoned that attempt because of the approach of other persons or because of a change in his intentions due to a stricken conscience." (internal quotations marks omitted)). Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Seventh, appellant argues that his counsel was ineffective for failing to object when the district court failed to discuss the sentencing range for the habitual criminal enhancement during the plea canvass. Appellant fails to demonstrate deficiency or prejudice for this claim. After

the district court informed appellant of the sentencing range for attempted burglary, the State reminded the district court that it was seeking adjudication as a habitual criminal. The district court then informed appellant of the sentencing range for the habitual criminal enhancement and appellant stated that he understood. Appellant fails to demonstrate a reasonable probability that he would have refused to plead guilty and would have insisted on trial had counsel raised an objection as the district court correctly explained the possible sentences to appellant. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Eighth, appellant argues that his counsel was ineffective for failing to file a motion to withdraw the guilty plea claiming that appellant did not understand the possible sentences and that his plea was not knowing and voluntary. Appellant fails to demonstrate either deficiency or prejudice for this claim. As discussed previously, appellant was informed of the possible sentences in the guilty plea agreement and at the plea canvass. Appellant also acknowledged in the guilty plea agreement and at the plea canvass that he understood the rights he waived by entering his plea and that he did so voluntarily. Therefore, appellant fails to demonstrate that he would have met his burden to prove his plea was invalid or that a presentence motion to withdraw guilty plea had a reasonable likelihood of success. *See Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986). Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Ninth, appellant argues that his counsel failed to properly investigate or present mitigation evidence regarding appellant's mental health and difficult past at the sentencing hearing. Appellant fails to

demonstrate that his counsel's performance was deficient or that he was prejudiced. At the sentencing hearing, counsel asked for leniency due to appellant's difficult childhood, his problems with an addiction to methamphetamine, his friend's suicide, and because he could be rehabilitated. The district court rejected counsel's argument and specifically sentenced appellant due to his lengthy criminal history. Appellant fails to demonstrate a reasonable probability of a different outcome at the sentencing hearing had counsel investigated these issues further or presented additional mitigation evidence of a similar nature. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Tenth, appellant argues that his counsel was ineffective for failing to properly argue against adjudication as a habitual criminal by stressing that the convictions were nonviolent and remote. Appellant fails to demonstrate deficiency or prejudice. Counsel argued that the past convictions were nonviolent. Moreover, appellant fails to demonstrate that trial counsel's performance was deficient because the habitual criminal statute makes no special allowance for nonviolent crimes or remoteness of the prior convictions; these are merely considerations within the discretion of the district court. *See Arajakis v. State*, 108 Nev. 976, 983, 843 P.2d 800, 805 (1992). Appellant fails to demonstrate a reasonable probability of a different outcome at the sentencing hearing had counsel stressed these issues because appellant had recently been convicted of two additional felonies and had recently been charged with additional crimes as well. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Eleventh, appellant argues that his counsel was ineffective for failing to object when the State introduced improper extraneous information such as convictions that occurred after appellant committed this offense, that appellant faced additional burglary charges, and that appellant had used a false name with the district court. Appellant fails to demonstrate deficiency or prejudice for this claim. Appellant fails to demonstrate that it was improper for the district court to consider appellant's criminal history or appellant's fraudulent use of a false name with the court. *See Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976) (holding that a sentence will not be disturbed on appeal so long as it was not based solely on impalpable or highly suspect evidence). In addition, the district court specifically declined to consider the false name evidence when sentencing appellant. Appellant fails to demonstrate a reasonable probability of a different outcome had counsel objected to the State's discussion of this information. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Twelfth, appellant argues that counsel was ineffective for failing to seek a continuance for the sentencing hearing because a representative of the Attorney General's Office was at the hearing regarding a pending charge regarding appellant's use of a false name. Preliminarily, as any later conviction for fraudulent use of a false name was not encompassed by the instant judgment of conviction, any challenge relating to that conviction is not cognizable in this post-conviction petition for a writ of habeas corpus. *See* NRS 34.724(1). To the extent appellant argues that the presence of the Attorney General's Office representative harmed him for this case, appellant fails to demonstrate either deficiency or prejudice for this claim. This claim is belied by the record as counsel

requested a continuance due to the presence of the representative, but that request was not granted by the district court. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225. Appellant also fails to demonstrate prejudice because the district court specifically declined to consider the false name evidence when sentencing appellant for the instant conviction. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Having concluded that appellant is not entitled to relief, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Michael Villani, District Judge
Langford McLetchie LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]Appellant's reply brief does not comply with NRAP 32(a)(4) because the text is not double spaced. Counsel for appellant is cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions.