FRISSELL vs. J. H. & A. C. RELFE.

In an action for malicious prosecution, malice must be shewn.

APPEAL from St. Francois Circuit Court.

COLE, for Appellant.

LEONARD & BAY, for Appellees.

54

1. The instructions of the court contain a correct exposition of the law governing the case. In order to maintain an action for a malicious prosecution, it is necessary for the plaintiff to show, 1st, that the prosecution was instituted from *malicious motives;* and, 2nd, that there was no *probable cause* for instituting the prosecution. If either of these be wanting, the action must fail. Stone v. Crocker, 24 Pick. 81; 2 Stark on Ev. 494–5; George v. Radford, 3 C. & P. 464; Gibson vs. Chaters, 2 B. & P. 129; Silversides v. Bowley, 1 Moore, 92; Farmer v. Darling, 4 Burr, 1971.

2. The malice of the defendant may be inferred from the want of probable cause. Evidence of want of probable cause is given for the purpose of showing the malicious motives of the defendant. Malice is therefore of the *gist* of the action. Stone v. Crocker, 24 Pick. 81; Pangburn v. Bull, 1 Wendell, 352; 2 Stark. on Ev. 495–6.

3. The facts preserved show that the charge of malice is unfounded. As to the "combination and conspiracy" charged, they existed only in the imagination of the plaintiff. There never was a charge so entirely disproved as this charge of a combination and conspiracy, on the part of the defendants which is made the sole ground of the action.

4. The instructions given in relation to the powers and duties of a marshal of the United States, were not perhaps necessary, nevertheless they are correct.

Napton, J., delivered the opinion of the court.

This was an action for a malicious prosecution brought by Frissell against Jas. H. &. A. C. Relfe, and A. L Magenis, in the circuit court of Washington county, and transferred upon application of the Relfes, to St. Francois county. The defendants had a verdict and judgment.

Before the trial a *nol. pros.* was entered as to Magenis. The declaration charged a conspiracy and combination on the part of Magenis and the Relfes, to injure the plaintiff, by causing him to be fined and imprisoned, &c., and that by corrupt and false swearing of the said A. C. Relfe, a rule had been entered by the circuit court of the United States against the said plaintiff to show cause why an attachment should not issue; that these proceedings were groundless, without probable cause, and malicious.

Upon the trial it appeared that a *venditioni exponas* had been issued, directed to the marshal of the district of Missouri, commanding the sale of certain property which had been previously levied on under a

writ of execution against one Augustus Jones.    This writ of *venditioni exponas* was placed by the marshal in the hands of his deputy, A. C. Relfe, and upon the return of the writ, an affidavit was made by A. C. Relfe, that he was prevented from executing it, by the conduct of Frissell (the plaintiff) and others.    Upom motion of the district attorney, A. L. Magenis, a rule was served upon Frissell to show cause why an attachment should not issue.    Upon the appearance of Frissell, and his answer to this rule, he was discharged by the court.

The deposition of A. L. Magenis stated that he was attorney for the plaintiff in the case of Timothy Bryan, ex'r of Guy Bryan vs. Augustus Jones, and being of opinion that it was to the interest of his client that the goods levied on under the execution issued in this case, should be brought up to St. Louis and sold there, requested Relfe, the marshal, to have them so removed; that he afterwards requested the deputy marshal, A. C. Relfe, to make a statement of what took place, when he attempted to remove the property from Potosi; that this affidavit of A. C. Relfe was accordingly made, and he presented it to the circuit court of the United States, as ground for a rule against said Frissell and others; that deponent, as district attorney, considered it his duty upon the facts disclosed by said affidavit, to apply for said rule, and that the application was made, not upon the request or at the instance of either J. H. or A. C. Relfe, but upon his own motion, &c.

There was evidence on the part of the plaintiff, the object of which was to show that the affidavits of A. C. R. was false; that there had in fact been no resistance to the officer, made by Frissell.

The court instructed the jury, that to sustain the action, the proceedings in the United Sates circuit court must be shown to have been commenced, or procured to be commenced, by the defendants; that malice, or such circumstances or conduct as clearly indicate malice, is essential to the action, as well as that there was no color or probable cause to institute the proceedings complained of.    A variety of instructions were also given, in relation to the duties and powers of the marshal, but their propriety not being questioned, and their bearing upon the merits of the case being but remote, it is not deemed necessary to insert them.

The principal ground taken for the reversal of the judgment, is because the verdict is unsupported by the testimony.    Want of probable cause, it is laid down in the books, is a question of law to be determined by the court, upon the facts in evidence, but it has been usual in this State to leave this, as well as the question of malice, to be determined by the jury.    The instructions in this case being without excep-

tion, there is sufficient in the testimony of Magenis, without reference to the other facts in the case, from which the jury may have been satisfied that the prosecution was not instigated by the defendants, or either of them.

The judgment of the circuit court is therefore affirmed.