THE STATE *v.* DARK.

A statute enacted "that every person who shall *falsely* make, deface, destroy, &c., any record, &c., shall be deemed guilty of forgery." *Held,* that an indictment on that statute, charging that the defendant did *unlawfully* and *feloniously* destroy, &c., was not objectionable for omitting the word *falsely.*

An indictment contained two counts, to the first of which not guilty was pleaded: the second was quashed. The cause was submitted to the Court, and judgment rendered for the defendant. *Held,* that a writ of error for the state could be brought only on the judgment quashing the second count.

*Wednesday,
December 1.*

ERROR to the *Johnson* Circuit Court.

BLACKFORD, J.—This is an indictment under the statute of 1838 against forgery. There are two counts. The second count was quashed on the defendant's motion. Not guilty was pleaded to the first count. The cause was submitted to the Court, and judgment rendered for the defendant.

The only question before us is as to the validity of the second count. The first count charges that the defendant, on, &c., at, &c., did feloniously and falsely destroy and burn a certain promissory note, &c. The second count charges that the defendant, on, &c., at, &c., with force and arms in said county of *Johnson,* did then and there unlawfully and feloniously destroy a certain other instrument in writing, by then and there, viz., on, &c., at, &c., aforesaid, unlawfully and feloniously burning said last-mentioned instrument in writing, and that the instrument last aforesaid was by the defendant executed and made payable to one *Thomas Stout,* by which the defendant promised to pay said *Stout* or order three hundred dollars on the first of *January* in the year eighteen hundred and forty-two, and the further sum of one hundred dollars on the first of *May* in the same year, with intent, then and there, feloniously to defraud said *Stout,* contrary to the form of the statute, &c.

The only ground for quashing the second count, of which we have been informed, is, that the offence is not alleged to have been *falsely* committed.

The statute enacts, "That every person who shall *falsely* make, deface, destroy, alter, &c., any record, deed, &c., or any other instrument in writing whatever, with intent to defraud any person, &c., shall be deemed guilty of forgery." R. S. 1838, p. 208. The second count charges, that the defendant did then and there *unlawfully* and *feloniously* destroy, &c.,

omitting the word *falsely*. We do not think that the omission of the word *falsely* was a good cause for quashing the count. The language of Mr. *Archbold* on the subject is as follows: "Where a word not in the statute is substituted in the indictment for one that is, and the word thus substituted is equivalent to the word used in the statute, or is of more extensive signification than it, and includes it, the indictment will be sufficient. As, for instance, if the word 'knowingly' be in the statute, and the word 'advisedly' be substituted for it in the indictment, *R.* v. *Fuller*, 1 B. & P. 180, or the word 'wilfully' in the statute, and 'maliciously' in the indictment (the words 'advisedly' and 'maliciously' not being in the statutes respectively), the indictment would be sufficient." Arch. Crim. Pl. 51. See, also, *Weinzorpflin* v. *The State*, 7 Blackf. 186. The words *unlawfully* and *feloniously* in the count now objected to, are substituted for the word *falsely* which is in the statute. This substitution cannot be objected to. The words inserted are more than equivalent to the word omitted. The count should not have been quashed. It may be proper to observe, that the word 'falsely' is not one of those words of art noticed in *Dias* v. *The State*, 7 Blackf. 20, which form an exception to the above rule.

This writ of error lies only to the judgment in favour of the defendant quashing the second count of the indictment. The judgment for the defendant on the issue on the first count, can in nowise be affected by this decision.

*Per Curiam.*—The judgment quashing the second count is reversed. Cause remanded, &c.

*A. A. Hammond*, for the state.

*W. Quarles* and *J. H. Bradley*, for the defendant.

