[No. 1125.]

THE STATE OF NEVADA, RESPONDENT, v. G. E.
McKIERNAN, APPELLANT.

FORGERY—SUFFICIENCY OF INDICTMENT—USE OF WORD "FALSELY."—An indict-
ment for forgery is sufficient, if the offense is substantially set forth,
though not in the precise words of a statute. The word "falsely" is not
essential to the validity of the indictment.

IDEM—"FORGED," MEANING OF.—The word "forged," as used in the indict-
ment necessarily implies that the writing was falsely made.

IDEM—"WILFULLY, UNLAWFULLY AND FELONIOUSLY."—These words, though
not words of the same import, have a broader and more extensive signifi-
cation than the word "falsely," and are more than its equivalent.

INCORPORATION OF BANK—WHEN NEED NOT BE AVERRED.—When the indict-
ment charges the forgery to have been committed by forging the signature
of a person on the back of a draft, with intent to defraud such person:
Held, unnecessary to allege that the bank upon which the draft was drawn
was incorporated.

SUSTAINING A DEMURRER TO ONE COUNT—NOT AMENDMENT.—The order of the
court sustaining a demurrer to one count cannot be treated as an amend-
ment to the indictment.

CIRCUMSTANTIAL EVIDENCE—INSTRUCTION.—The court instructed the jury that
certain cases, read by counsel for defendant, where innocent persons had
been convicted, "were extreme cases, and probably occur very seldom in
cases decided upon circumstantial evidence, and if much search be made,
it might be found that a greater number of cases could be cited wherein
improper convictions have been had from direct, positive evidence, through
inattention or perjury of witnesses," etc.: Held, correct.

APPEAL from the District Court of the Seventh Judicial
District, Elko County.

The facts are sufficiently stated in the opinion.

*James D. Torreyson*, for Appellant:

I. Falsely is one of the most material words in our statute against forgery, but it does not appear in this indictment, nor does any word of similar meaning. An indictment under a statute must state all the circumstances which constitute the offense as set down in the act, and pursue the exact words of the statute or the equivalent, else it will be defective. (1 Bish. Crim. Pr., secs. 612, 613, and note; Arch. Crim. Pr. & Pl., sec. 87; 1 Whar. on Crim. Law, sec. 371 a; *People* v. *Logan*, 1 Nev. 110, 115, 116; *Kearney* v. *State*, 48 Md. 16, 23; *Ike* v. *State*, 23 Miss. 525; *Gaddy* v. *State*, 8 Tex. Ap. 127; *State* v. *Gove*, 34 N. H. 510; *People* v. *Allen*, 5 Denio, 79; *State* v. *Petty*, Harper, S. C., 59; *State* v. *Casados*, 1 Nott. & McC. 91; *State* v. *Cheatwood*, 2 Hill, S. C., 459.) Forgery is "false making; a making *malo animo* of any written instrument for the purpose of fraud and deceit." (1 Bish. Cr. L., sec. 572; 1 Bouv. Law Dic. 514; *State* v. *Shurtliff*, 18 Me. 368; *Regina* v. *White*, 1 Den. C. C. 208, 214.) It is certainly fatal to an indictment if any essential element in the definition of the offense in the statute is omitted. The defendant must be brought within all the material words of the statute. There is a want of a direct allegation of something material in the description of the substance, nature and manner of the offense, and it cannot be supplied by any intendment or implication. An indictment drawn upon a statute for obtaining money under false pretenses, which omitted the word "falsely" and used "feloniously," was held insufficient. (2 Bish. on Crim. Pro., sec. 163; *Rex* v. *Walker*, 6 Car. & P. 657.)

II. The indictment was originally in two counts, viz: the forging of the word "John How" and the "uttering, publishing and passing" of the draft. The court erred in striking out the second count of the indictment. It should have set aside the whole indictment. A material part was taken away, and it was no longer the indictment of a grand jury. (*State* v. *Chamberlain*, 6 Nev. 257.)

III. The draft copied into the indictment purports to have been made by a corporation, but there is no allegation that

such a corporation ever existed. The corporation must be averred and proved. (2 Bish. Crim. Pro., secs. 456, 457; *Owen* v. *State*, 5 Sneed, Tenn., 493, 495; *Kennedy* v. *Commonwealth*, 2 Met., Ky., 36, 38.) This court cannot know of the legal existence of the corporation. Evidence was required in regard to it, and therefore, upon principle, the fact should have been pleaded.

IV. The court erred in giving the instruction relating to circumstantial evidence.

*M. A. Murphy*, Attorney-General, for Respondent:

I. The indictment is sufficient. The use of the word "falsely" is not essential. The words "made, forged and counterfeited" are sufficient. They state the acts constituting the offense in ordinary and concise language, and in such manner that the defendant could not be misled thereby.

II. It is not necessary in an indictment for forgery to allege that the banking house issuing the draft, or upon which the same was drawn, was an incorporate company. It was not one of the issues in the case, and if it was this court cannot say but what there was sufficient evidence introduced to satisfy the minds of the jurors that it was an incorporated company, as there is nothing in the transcript to show what evidence was introduced in the court below. (*People* v. *Ah Sam*, 41 Cal. 645; *Murry* v. *Commonwealth*, 5 Leigh, 720.)

III. The defendant specially demurred to the second count in the indictment, and the court sustained the demurrer, and that portion of the indictment was thereafter disregarded. It would be similar to an indictment charging two offenses. The district attorney would be permitted to choose upon which offense he would prosecute. If error was committed it is in favor of the defendant, and he cannot say he was injured thereby. (Sec. 2868, Comp. L.)

IV. There being no evidence before this court, it is fair to presume that the instructions given to the jury were applicable to the testimony given upon the trial in the court below.

By the Court, HAWLEY, J.:

Appellant was convicted of the crime of forgery upon an

indictment which averred: That " he, the said G.. E. McKiernan, on or about the twenty-sixth day of August, A. D. 1881, at the county of Elko, and State of Nevada, had in his possession a certain draft, the tenor of which was as follows, viz.: 'Banking House Bartholow, Lewis & Co., Laclede Bank, incorporated 1872, No. 33,278, St. Louis, Mo., July 21, 1881. Pay to the order of Sac. Newman one hundred and ninety-five dollars ($195).. To National Bank of Commerce, in New York. F. J. Deitrich, Teller; E. A. Meysenberry, Cashier;' * * * and on the back of said draft there was the following indorsement: ' Pay to the order of John How. Sac. Newman.' And that the said G. E. McKiernan * * * wilfully, unlawfully and feloniously made, forged and counterfeited on the back of the above-described draft and under the indorsement thereon, hereinbefore described, an indorsement in writing, in tenor as follows, viz.: 'John How,' with wrongful and felonious intent to defraud him, the said John How.."

It is argued, in his behalf, that this indictment is insufficient, because the word "falsely," which, it is claimed, is one of the most material in the statute defining the offense, does not appear therein, or any other word of similar meaning.

It is true that an indictment for a statutory offense should employ such words as may be necessary to enable the court to determine upon what particular provision of the statute it is framed, and it must use all the words which are essential to a complete description of the offense; but, as a general rule, the indictment will be sufficient if the offense is substantially set forth, though not in the precise words of the statute.

The technical exactness which existed under the rules of the common law has been superseded by statutory provisions, and it is now sufficient if the offense is " clearly and distinctly set forth in ordinary and concise language * * * in such a manner as to enable a person of common understanding to know what is intended." (1 Comp. L. 1858, 1867.)

The indictment complies with all the requirements of the statute in this respect.

Section 77 of the act concerning crimes and punishments provides that "Every person who shall falsely make, alter, forge or counterfeit any record, * * * or shall counterfeit

or forge the seal or handwriting of another with the intent to damage any person * * * shall be deemed guilty of forgery." (1 Comp. L. 2383.)

The indictment, in this case, is framed upon the latter clause relating to the counterfeiting or forging the handwriting of another. The word "falsely" is not essential to its validity.

"Forgery is the false making, a making *malo animo* of any written instrument for the purpose of fraud or deceit."

The word "forged," as used in the indictment, necessarily implies that the writing was falsely made. Moreover, the words "wilfully, unlawfully and feloniously," though not words of the same import, have a broader and more extensive signification than the word "falsely," and are more than its equivalent.

In England, as early as 1649, it was claimed that the word "*falso*" was material in an indictment for counterfeiting letters of credence, but the court held "that the word ' counterfeit' necessarily implied in it the word '*falso.*'" (*Savage's Case*, Style's Rep. 12.)

In East's Pleas of the Crown, published in 1803, it is said that " it is usual to charge that the party falsely forged and counterfeited, etc.; but it is said to be enough to allege only that he forged or counterfeited, without adding *falsely*, which is sufficiently implied in either of those terms, particularly in the verb *to forge*, which, as was first mentioned, is always taken in an evil sense in our law." (2 E. P. C. 985.)

In Indiana, under the provisions of a statute which enacted " that every person who shall falsely make, deface, destroy * * * any record * * * shall be deemed guilty of forgery," the court held that an indictment which charged that defendant " did unlawfully and feloniously destroy " was not objectionable for omitting the word *falsely*, upon the ground that " the words unlawfully and feloniously," as used in the indictment, " are more than equivalent to the word omitted." (*State* v. *Dark*, 8 Blackf. 526.)

It is next argued that the indictment is defective because the draft, copied into it, purports to have been made by a corporation, and there is no allegation that such corporation ever existed.

It was immaterial whether the bank was incorporated or not.

The real question, as was said by this court in *State* v. *Cleveland*, 6 Nev. 185, "is not the legality of the corporation, but of the guilt or innocence of the defendant." If it were a banking company issuing such drafts upon other banks it is sufficient.

Bishop, in his work on criminal procedure (2 vol. sec. 455, *et seq.*), discusses this question at length, and points out the "particular doctrines which may be found involved in any individual case."

Upon an examination of the authorities there reviewed, it will be seen that it was not necessary, in this case, to allege in the indictment that the bank was incorporated.

In *Commonwealth* v. *Carey*, 2 Pick. 47, the court said it was not necessary to allege that the bank was duly incorporated, "as the indictment states a design to defraud an individual."

In *State* v. *Pierce*, 8 Iowa 232, the defendant was indicted for forgery in writing the name of one Fay across the back of a certain order, drawn by a bank in Rhode Island on a bank in New York, with intent to defraud, etc. The court, in sustaining the indictment, held that where a party is charged with forging an indorsement on the back of an order or draft, purporting to have been drawn by one bank upon another, proof of the existence of the bank is not required. In this case, as in that, the instrument "appears to be an order or draft drawn by one bank upon another, in the ordinary course of business, for a definite sum of money, payable on demand or at sight. To treat it as invalid we must assume the non-existence of both institutions, a presumption no more allowable in cases of this character than if the instrument had been drawn by one individual upon another." (See, also, *Hobbs* v. *State*, 9 Mo. 849; *People* v. *Ah Sam*, 41 Cal. 652; *State* v. *Van Hart*, 17 N. J. L. 330; *Cady* v. *Commonwealth*, 10 Gratt. 778; *People* v. *Davis*, 21 Wend. 313; *People* v. *Stearns*, Id. 423.)

The court did not err to the prejudice of defendant in sustaining his demurrer to, and in striking out, the second count

in the indictment. Such action did not amount to a material amendment of the indictment, and has never been so considered.

The court did not err in giving the following instruction:

" The counsel for the defendant has read and recited a number of cases wherein convictions have been sought and had upon strong circumstances of guilt proved against the accused in those cases, and afterwards it has transpired that the accused was innocent, notwithstanding the strong circumstances against him. These cases, read and recited, are extreme cases, and probably occur very seldom in cases decided upon circumstantial evidence. And, if much search be made, it might be found that a greater number of cases could be cited wherein improper convictions have been had from *direct, positive* evidence, through inattention or perjury of witnesses. All human testimony is fallible, but jurors, in their decision, must take and consider circumstances, and, if sufficient, act upon them, although the main fact is proven by no eye-witness." (Whart. Am. Cr. Law, sec. 734, *et seq.*; Burrill on Cir. Ev., 213, 216; *People* v. *Dodge*, 30 Cal. 449.)

The judgment of the district court is affirmed.