## EX PARTE ESDEN

No. 3050

January 5, 1934.                    28 P.(2d) 132.

*Ernest S. Brown* and *Talmage L. Smith,* for Petitioner.

*Melvin E. Jepson,* District Attorney, and *A. P. Johnson,* Deputy District Attorney, for Respondent.

**OPINION**

By the Court, DUCKER, J.:

This is an original proceeding in habeas corpus.

Petitioner sets forth in his application for the writ that he is unlawfully committed, detained, and

restrained of his liberty in the Washoe County jail at Reno, Nevada, under sentence of six months upon a judgment rendered in the district court. It appears therefrom that petitioner was tried upon an information in said court for a public offense and found guilty by the verdict of a jury. The information, omitting title of court and cause, reads:

"Melvin E. Jepson, District attorney within and for Washoe County, State of Nevada, in the name and by the authority of the State of Nevada, informs the above-entitled court that Henry W. Esden, the defendant above named, has committed a felony, to-wit: Blackmail in the manner following: That the said defendant on the 17th day of October, A. D. 1933, or thereabouts and before the filing of this information, at and within the County of Washoe, State of Nevada, did, then and there, wilfully, intentionally, and feloniously, make a demand, by letter addressed to and delivered by mail to Mrs. Emma Cowles, 547 Arlington Avenue, Reno, Nevada, that she pay defendant the sum of $100.00, said letter containing threats to disgrace the said Emma Cowles.

"All of which is contrary to the form of the statute, etc.

"Melvin E. Jepson, District Attorney of Washoe County, by A. P. Johnson, Deputy."

1, 2. It is insisted first that petitioner's imprisonment is illegal because the information upon which he was tried and convicted does not state facts sufficient to constitute a public offense in that it does not charge in the language of the statute or in words of similar import that the letter alleged in said information to have been written by him was written with intent to extort or gain money, which is an essential element of the crime of blackmail. We think the contention is not well taken. The statute under which petitioner was prosecuted reads:

"Every person who, with intent thereby to extort or gain any money or other property or to compel or induce another to make, subscribe, execute, alter or destroy any valuable security or instrument or writing affecting or

intended to affect any cause of action or defense, or any property, or to influence the action of any public officer, or to do or abet or procure any illegal or wrongful act, shall threaten directly or indirectly—

"1. To accuse any person of a crime; or,

"2. To do an injury to any person or to any property; or,

"3. To publish or connive at publishing any libel; or,

"4. To expose or impute to any person any deformity or disgrace; or,

"5. To expose any secret, shall be punished," etc. Section 10423 N. C. L.

An essential ingredient of the crime of blackmail as defined by the statute is the intent to extort or gain money or property, or to accomplish any of the other things mentioned, by any of the means enumerated therein. The intent to do so is the gist of the offense. The information does not expressly state this essential element, but if it contains words conveying the same meaning, it is sufficient. Section 10856 N. C. L.; State v. Mills, 52 Nev. 10, 279 P. 759.

The section cited provides: "Words used in a statute to define a public offense need not be strictly pursued in the indictment or information, but other words conveying the same meaning may be used."

We think it contains such words. It would be difficult for a person of common understanding to read the charge in the information that the defendant did make a demand by letter addressed to and delivered by mail to Mrs. Emma Cowles that she pay the sum of $100, said letter containing threats to disgrace her, without getting the idea that he intended to extort or gain money by this method.

3. It is argued that the information does not negative the supposed case that Emma Cowles owed him $100 and that his threat to disgrace her merely meant that he would proclaim her as one who did not pay her bills. This refinement is met by the charge in the information that the act was done feloniously.

This court, in State v. Switzer, 38 Nev. 108, 145 P.

925, held that the use in an indictment of the word "feloniously" was a sufficient averment of the intent necessary to constitute the crime of robbery. In that case the court, quoting approvingly from State v. McKiernan, 17 Nev. 224, 30 P. 831, said: "The technical exactness which existed under the rules of the common law has been superseded by statutory provisions, and it is now sufficient if the offense is 'clearly and distinctly set forth in ordinary and concise language * * * in such a manner as to enable a person of common understanding to know what is intended.' "

Viewed in this way the information is not deficient in stating the public offense of blackmail.

4, 5. Defendant contends that the information is fatally defective and petitioner's imprisonment consequently illegal, because the information was not filed by the district attorney of Washoe County. The contention is based upon section 8, article 1, of the state constitution, which, with certain exceptions, provides that no person shall be tried for a capital or other infamous crime except on presentment or indictment of the grand jury, or upon information duly filed by a district attorney or attorney-general of the state. The act providing for the prosecution of certain public offenses by information provides that the district attorney's name shall be subscribed to an information by himself or his deputy. Sec. 11328 N. C. L. The latter method was adopted as to the information before us.

If the subscription was not proper because of the amendment of section 240 of the criminal practice act (section 10888 N. C. L.), which provides that an information may be set aside on motion for the reason that it was not subscribed by the district attorney of the county, the objection was waived by the failure of petitioner to make such motion. Section 10889 N. C. L.

Although the district attorney's name was subscribed to the information by his deputy, it does not appear which of the officers filed it. But assuming that it was filed by the deputy, we are of the opinion that such filing

does not come in collision with section 8, article 1, of the state constitution which authorizes criminal trials in the cases mentioned by information. That part of the section became effective by amendment to the constitution in 1912.

For half a century prior to the adoption of the amendment it had been the law of this state by statute that prosecuting attorneys or district attorneys were authorized to appoint deputies with power to transact all business pertaining to the office. Stats. 1864, p. 143. State v. Harris, 12 Nev. 414. The above statute provides: "All prosecuting attorneys * * * are hereby authorized to appoint deputies, who shall have power to transact all official business appertaining to said offices, to the same extent as their principals."

The statute has remained unchanged in this respect to this day. Section 4848 N. C. L. District attorneys are prosecuting attorneys. State v. Harris, supra. Their power to appoint deputies, having the same authority as reflected by this law through all of this time, has never been questioned. It has been a recognized policy of official business and criminal procedure, which has greatly facilitated the discharge of public duty in the important office of district attorney.

In view of the unchanged state of the law on this subject over a great period of time, and the comparatively recent amendment to the constitution, we cannot believe that it was intended by the words "filed by the district attorney" to exclude the doing of the act by his deputy. Moreover, the very literal construction contended for by petitioner would prevent the deputy from acting in this regard when his principal was unable to act by reason of sickness or absence, a condition clearly at variance with the purpose of the amendment. A liberal construction will give effect to that purpose. We hold, therefore, that the filing of an information by a deputy district attorney has the same force and validity as if filed by his principal.

The writ of habeas corpus is denied.