H. M. GREENSPUN AND W. R. McNINCH, APPEL-
LANTS, *v.* HONORABLE DON L. GANDOLFO
AS JUSTICE OF THE PEACE, AUSTIN TOWNSHIP,
COUNTY OF LANDER, STATE OF NEVADA, RESPOND-
ENT.

No. 4033

January 23, 1958.                                           320 P.2d 628

*Morton Galane,* of Las Vegas, for Appellants.

*George G. Holden,* District Attorney, Lander County,
for Respondent.

## OPINION

By the Court, BADT, C. J.:

Appellants sought a writ of certiorari from the district court of the Eighth Judicial District, Clark County, to review the action of respondent in issuing in Austin Township, County of Lander, a warrant of arrest charging appellants with the crime of "blackmail", alleging that the warrant of arrest was legally insufficient and that the petitioners had been illegally arrested in Clark County. After a hearing on the petition for the writ and on the motion of respondent to quash the writ and upon respondent's demurrer to the petition, the district court granted the motion to quash and denied the petition.

Appellants contend that the state legislature has never designated "blackmail" as a criminal offense and that, therefore, the warrant of arrest issued by the justice of the peace designating the offense charged as "blackmail" deprives them of liberty, without due process of law, in violation of the Fourteenth Amendment to the United States Constitution. We have concluded that the warrant of arrest, as issued, complied substantially with the statutory requirements, that the arrest made thereunder did not deprive appellants of liberty without due process and that the judgment of the district court must, accordingly, be affirmed.

The section of "An Act concerning crime and punishments * * *," approved March 17, 1911, appears in NCL 1929[1] in the following form:

"§ 10423. Blackmail. § 474. Every person who, with intent thereby to extort or gain any money or other property or to compel or induce another to make, subscribe, execute, alter or destroy any valuable security or instrument or writing affecting or intended to affect any cause of action or defense, or any property, or to influence the action of any public officer, or to do or abet or procure any illegal or wrongful act, shall threaten directly or indirectly—1. To accuse any person of a crime; or, 2. To do an injury to any person or to any property; or, 3. To publish or connive at publishing any libel; or, 4. To expose or impute to any person any deformity or disgrace; or, 5. To expose any secret,

"Shall be punished by imprisonment in the state prison for not more than five years or by imprisonment in the county jail for not more than one year, or by a fine of not more than one thousand dollars, or by both fine and imprisonment." The section appears in precisely the same language as sec. 6739, Revised Laws of Nevada, 1912.

The *complaint* filed with the respondent justice of the peace is not attacked by appellants and does not appear in the record on appeal. The *warrant of arrest* issued by respondent was addressed to any sheriff, constable, marshal, policeman or other peace officer of the state, was properly dated and signed with the name and place of office of respondent, recited the filing of a complaint under oath charging appellants with the "crime of blackmail" and commanding the officer to arrest them. Bail was fixed in the sum of $10,000 each. The warrant was upon a printed form in general use.

Section 10730, NCL 1929, requires the magistrate to

---

[1]The complaint was filed and the warrant issued January 19, 1957. Nevada Revised Statutes became effective January 25, 1957, Stats. 1957, Chap. 2, p. 1. The statutes under consideration are, accordingly, those appearing in NCL 1929. The section now appears as NRS 205.320.

issue the warrant if he is satisfied that the offense complained of has been committed and that there is reasonable ground to believe that the defendant has committed it. Section 10731, NCL 1929, defines the warrant as an order in writing signed by the magistrate commanding the arrest which "may be substantially in the following form: County of ........................... The State of Nevada, to any sheriff, constable, marshal, policeman, or peace officer in this state: A complaint, upon oath, has been this day laid before me by A. B., that the crime of (designate it) has been committed, and accusing C. D. thereof; you are therefore commanded forthwith to arrest the above-named C. D. and bring him before me at (name the place), or in case of my absence or inability to act, before the nearest or most accessible magistrate in this county."

Section 10733 reads as follows: "§ 10733. Warrant to specify, What. § 85. The warrant must specify the name of the defendant; if it be unknown to the magistrate, the defendant may be designated therein by any name. It must also state the date of its issuance, and the county, city, or town where it was issued, and be signed by the magistrate with his name of office." It is to be noted that the last-mentioned section is the section specifically designating what must be specified in the warrant—the defendant's name, the date of issuance, the county, city or town of issuance, the signature of the magistrate and the name of his office.

Section 10734, NCL 1929, adds that it must be directed to a peace officer. Section 10731, NCL 1929, as heretofore noted, gives the form that may be substantially followed.

We turn then to the contention of appellants that the *warrant of arrest* reciting that a complaint had been filed accusing appellants of committing "the crime of blackmail" designated no crime ever defined by the legislature; that the word "blackmail" appearing at the head of the section was simply the compiler's catchword and

was without significance. No purpose would be served by analyzing appellants' earnest, lengthy and learned discussion as to the necessary recitals in a warrant of arrest in order to satisfy constitutional requirements. We note again that *the complaint* is not attacked. We are fully satisfied that the warrant of arrest substantially complied with all requirements of the relevant sections of the code whether or not the word "blackmail" at the head of the section quoted was or was not contained in the original enrolled bill passed by the legislature.[2] Though the word "blackmail" may not be a word of art, it is a word of common parlance and popular usage, often defined as synonymous with extortion, and has appeared in our codes for 45 years. During all of that period it was indexed in the Revised Laws of 1912 and in the Compiled Laws of 1929 with reference to the section in question. The former followed the legislative session of 1911 and the statute therein passed, Stats. 1911, 100, providing for the omission of publication of the Crimes and Punishments Act in the 1911 session laws but for its inclusion in the Revised Laws of 1912, whose compilation was authorized in 1909 through a code commission comprising the justices of the Supreme Court. Similar proceedings were followed in the Compiled Laws of 1929.

An interesting article on "The Law of Arrest", by Professor Rollin M. Perkins, appears in Vol. XXV, No. 2, Iowa Law Review, January 1940, in which the author recites "The warrant must charge the commission of an offense in words adequate to disclose what crime is meant * * *," citing Spear v. State, 120 Ala. 351, 25 So. 46, 48. The case cited refers to numerous examples in which the warrant was held to be sufficient and holds

---

[2]Much space is devoted by the briefs to the unsuccessful attempt to locate the original enrolled bill required to be kept in the files of the secretary of state, to the discovery in the secretary's files of what purported to be the original engrossed bill (which did contain the catchword "blackmail"), and to the journal of the statutory proceedings of 1911 reciting the comparison of the engrossed bill with the enrolled bill, etc.

that although the words used would concededly be insufficient to support an indictment, "yet the same strictness * * * is not required in a warrant or writ of arrest", and that the offense ("of carrying a concealed pistol") was sufficiently designated. The primary purpose of the recitals in the warrant is to authorize the arresting officer to make the arrest, to the end that the accused may be brought before the court. 22 C.J.S. 467–8, Criminal Law, sec. 316. Even in testing the sufficiency *of the complaint,* it was said in State v. McKiernan, 17 Nev. 224, 30 P. 831, 832, "The technical exactness which existed under the rules of the common law has been superseded by statutory provisions, and it is now sufficient if the offense is 'clearly and distinctly set forth in ordinary and concise language * * * in such a manner as to enable a person of common understanding to know what is intended.' " This language was approved in Ex Parte Esden, 55 Nev. 169, 28 P.2d 132. In that case the complaint was attacked for the reason that it lacked an essential element of "the crime of blackmail," namely, an allegation of the intent with which the letter in question was written. The court, after quoting the language used in the McKiernan case, said, "Viewed in this way the information is not deficient in stating the public offense of blackmail." Although the specific point here raised—the lack of a statutory "crime of blackmail"—cannot be said to have been the precise point determined in the Esden case, we cannot escape the force of the language used. We feel justified in drawing from it support for our conclusion that a person of common understanding would know what was intended by the charge of the "crime of blackmail."

Section 856 of the New York Penal Code, 39 McKinney's Cons. Laws of N.Y. 465, c. 40, is to all intents and purposes, so far as concerns the point discussed, the same as sec. 10423 NCL 1929, above quoted in full. It too contains the catchword "blackmail," but the section does not contain the word, much less define it. Yet it was said in Bianchi v. Leon, 138 App.Div. 215, 122 N.Y.Supp. 1004, 1012, that "the obtaining of a settlement under a

threat of criminal prosecution is blackmail, as defined by § § 856, 857, and 858 * * *." Sections 857 and 858 are likewise silent. See also Guenther v. Ridgway Co., 70 App.Div. 725, 156 N.Y.Supp. 534.

In support of the dismissal of the proceedings respondent contends (1) that his issuance of the warrant of arrest was a ministerial act not reviewable by certiorari, NCL 1929, sec. 9231; (2) that appellants had other plain, speedy and adequate remedies; (3) that the venue of the certiorari proceedings lay not in Clark County, where appellants were arrested, but in Lander County, as the jurisdiction inquired into was that of the respondent justice of the peace of Austin Township in Lander County. (4) It is further suggested that under NCL 1929, sec. 10733, supra, the Nevada statute does not require that *any* crime or offense be specified in the warrant. Although these contentions raise interesting and possibly difficult questions, we do not determine or consider any of them.

Affirmed.

EATHER and MERRILL, JJ., concur.