## HENRY LUJAN, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

### No. 5463

January 8, 1969                              449 P.2d 244

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, *Jerry J. Kaufman,* Deputy District Attorney, Clark County, for Respondent.

---

## O P I N I O N

By the Court, COLLINS, C. J.:

Appellant was found guilty by a jury of selling narcotics. He was sentenced to a term of imprisonment of not less than 20 nor more than 40 years and fined $10,000. We affirm the conviction and sentence.

James Alexander, a police informer, was given $20 with which to make a narcotics buy. He was searched by the police, furnished money and a pickup truck. He proceeded to a house where appellant resided, and entered. Police watched the house while he remained in it for approximately one hour. When he emerged and drove away, the police followed. He stopped and turned a "lid" of marijuana over to them.

At the trial, Alexander testified that appellant, one Robert Ramirez, and a person known as Frank were in the house when he entered. Alexander asked appellant to sell him the marijuana, which he agreed to do, and the transaction was completed.

Appellant contends no sale of marijuana took place at all but that Alexander only inquired if he knew anyone who wanted to purchase a color television set.

The following issues are before us on this appeal:

1. Is appellant the victim of an unlawful entrapment?

2. If Alexander is an addict-informer, does the law require corroboration of his testimony?

3. Is Alexander an accomplice so that his uncorroborated testimony will not support conviction?

4. Were the rights of appellant prejudiced when the court permitted the testimony of Karl Albright who was present at the grand jury proceedings?

5. Was appellant sentenced in excess of the statutory limits?

1. There clearly can be no serious issue of entrapment in this case. No evidence was offered by appellant indicating entrapment nor was any instruction requested concerning it. Indeed, appellant's defense was that no sale of marijuana occurred at all.

2. Even if Alexander were an addict, which the lower court found he was not, the uncorroborated testimony of one addict, if believed by the jury, will sustain a conviction. Crowe v. State, 84 Nev. 358, 441 P.2d 90 (1968); Tellis v. State, 84 Nev. 587, 445 P.2d 938 (1968).

3. A buyer of narcotics is not an accomplice to the act of selling. Thus, Alexander's testimony need not have been corroborated to support the conviction. Tellis v. State, supra.

4. During the trial, appellant moved to set aside the indictment against him on the ground that Detective Albright was present in the grand jury room while various witnesses testified. He was there with permission of the grand jury. He was not present during the grand jury's deliberations which resulted in appellant's indictment. The lower court properly refused to grant the motion.

The motion came too late. A motion to set aside an indictment as permitted by NRS 174.160 must be made before demurrer or plea or it is waived. NRS 174.170, Ex parte Esden, 55 Nev. 169, 28 P.2d 132 (1934); State v. Rothrock,

45 Nev. 214, 200 P. 525 (1921); State v. Hamilton, 13 Nev. 386 (1878); State v. Harris, 12 Nev. 414 (1877).

Moreover, the grand jury may require persons other than the district attorney to be present when witnesses are being examined. NRS 172.320. The record indicates that was the situation here.

5.    The sentence of not less than 20 nor more than 40 years and a fine of $10,000 was proper. Tellis v. State, supra.

The judgment of conviction and sentence are affirmed.

ZENOFF, MOWBRAY, and THOMPSON, JJ., and CRAVEN, D. J., concur.