DWAYNE GIBSON, Appellant, v. THE STATE OF
NEVADA, Respondent.

No. 11506

January 10, 1980                    604 P.2d 814

*Norman Y. Herring,* State Public Defender, Carson City,
for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; and *William Macdonald,* District Attorney, Humboldt County, for
Respondent.

## OPINION

*Per Curiam:*

After a jury trial, appellant was found guilty of grand larceny (NRS 205.220) and possession of stolen property (NRS 205.275). Appellant was sentenced to two 5-year sentences to be served consecutively. For reasons explained below we affirm the conviction.

Appellant was an inmate at the Susanville, California Correctional Center. He and another inmate were reported missing from the institution on the morning of August 17, 1978. A blue Toyota truck was also reported missing from the Susanville airport on August 17, 1978. Two male persons in a blue Toyota truck were seen driving into a driveway near a Winnemucca, Nevada used car lot early in the morning of August 18, 1978. A Ford truck was reported missing from the used car lot and the blue Toyota truck was found behind the lot on August 18, 1978. Appellant's fingerprints were also found on the blue Toyota truck.

The missing Ford truck was observed traveling on the highway outside of Wells, Nevada by a Nevada Highway Patrol officer. The Ford truck had two male occupants. The patrol officer attempted to obtain the driver's attention but the truck took a sudden sharp right turn off the highway. The officer next observed what appeared to be a ball of fire coming from the area in which the Ford truck disappeared. Appellant was found in the area of the burning truck.

At trial appellant testified that he and a friend were hitchhiking from Susanville. He testified that they accepted a ride in a blue Toyota truck. The Toyota later had mechanical problems and the driver rented a truck in Winnemucca. The appellant testified that there was a fire in the truck. As a result the driver jumped from the truck and the truck swerved off the highway. According to the appellant, the fire later engulfed the whole truck.

Appellant asserts the following as error: that certain irregularities in the grand jury proceedings deprived him of his constitutional right to due process; that the prosecution of appellant by grand jury indictment denied him of his constitutional right to equal protection; that there was not sufficient evidence adduced at trial to convict appellant of grand larceny;

and that the trial court abused its discretion when it joined the grand larceny indictment and the possession of stolen property indictment.

Appellant contends that the grand jury proceedings did not proceed as the Nevada statute requires. He asserts that the indictment was returned without the presence of the district court judge or the clerk of the court as required by NRS 172.255(1); that the record fails to show that the grand jurors were sworn; that the prosecutor failed to solicit questions from the grand jurors; and that an unknown stranger entered the grand jury proceedings. The record does not reveal whether appellant sought to remedy these alleged defects by a proper pre-trial motion. NRS 174.105(1) requires that such objections "may be raised only by motion before trial." In addition, the statute specifically provides that: "Failure to present any such defense or objection as herein provided constitutes a waiver. . . ." NRS 174.105(2). Thus appellant has failed to raise his objections in a timely manner and to show cause for relief from the statutory waiver. *See* Vincze v. State, 86 Nev. 546, 472 P.2d 936 (1970); Lujan v. State, 85 Nev. 16, 449 P.2d 244 (1969).

Since we have recently held that the fact that a prosecution was initiated by indictment rather than by information does not violate an accused's right to due process and equal protection, Seim v. State, 95 Nev. 89, 590 P.2d 1152 (1979), appellant's second argument is without merit.

Appellant's next assignment of error is that the evidence adduced at trial was not sufficient to convict appellant of grand larceny. A review of the record shows that although there is no direct evidence that appellant took the vehicle, there is a circumstantial chain of facts by which the ownership and possession of the Ford truck, the disappearance of the truck, and the absence of the owner's consent or sale of the truck were established. Furthermore, the Toyota truck was found close to the used car lot, and the appellant was later found near the burning Ford truck. In Staab v. State, 90 Nev. 347, 350, 526 P.2d 338, 340 (1974), we held that: "Recent, exclusive and unexplained possession of stolen property by an accused person gives rise to an inference of guilt which may be sufficient to convict in the absence of other facts and circumstances which leave a reasonable doubt in the minds of the jury."

Although appellant did testify and did offer his version of

the situation, the jury apparently did not choose to accept appellant's explanation. We have held that where there is conflicting testimony presented, it is for the jury to determine the weight and credibility to give to the testimony. Henderson v. State, 95 Nev. 324, 594 P.2d 712 (1979); Stewart v. State, 94 Nev. 378, 580 P.2d 473 (1978); Hankins v. State, 91 Nev. 477, 538 P.2d 167 (1975). Since there is substantial evidence to support the jury's verdict, it will not be disturbed on appeal. *See,* McKinney v. State, 95 Nev. 494, 596 P.2d 503 (1979); Henderson v. State, *supra;* Stewart v. State, *supra;* Cunningham v. State, 94 Nev. 128, 575 P.2d 936 (1978); Sanders v. State, 90 Nev. 433, 529 P.2d 206 (1974).

Lastly, appellant contends that the trial court abused its discretion by granting the state's motion to join the two indictments. The trial court reasoned that the joinder was proper since the offenses charged were based on a common scheme or plan as provided in NRS 173.115(2). Since the possession of the Toyota truck and the subsequent larceny of the Ford truck could have been part of appellant's scheme or plan to escape from the California Correctional Institution, these indictments were properly joined. *Cf.* Federal Rule of Criminal Procedure 8(a); United States v. Leonard, 445 F.2d 234 (D.C. Cir. 1971); Moeller v. United States, 378 F.2d 14 (5th Cir. 1967). The trial court acted within its discretion. *See,* Lovell v. State, 92 Nev. 128, 546 P.2d 1301 (1976).

Accordingly, we affirm.