ROBERT JACKSON, Jr., Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 12625

March 30, 1981                    625 P.2d 1165

*John J. Graves, Jr.,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General; *Robert J. Miller,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant has been convicted as an habitual criminal under NRS 207.010.

The first assignment of error is that only the district attorney himself, and not a deputy, may authorize the institution of proceedings under NRS 207.010. If there were any merit to this contention, it was waived by failure to move to dismiss under NRS 174.075(2). Ex Parte Esden, 55 Nev. 169, 28 P.2d 132 (1934).

The second assignment of error is that it was not clearly established that appellant Robert Jackson was the same Robert Jackson named in the exemplified copies of prior convictions.

During the habitual status hearing appellant admitted to the prior felony convictions. At the time he did not contest his identity as being the subject of the convictions evidenced by the exemplified copies.

In Hollander v. State, 82 Nev. 345, 418 P.2d 802 (1966), the question of the degree of proof required to establish defendant's identity as the perpetrator of previous offenses is raised. In *Hollander* the record of conviction, together with the subject's unusual last name and identical first name were considered as justification of conviction. At least this measure of proof has been established in the present case.

The final assignment of error is lack of competent and effective counsel.

There is a presumption of effective assistance of counsel. Rusling v. State, 96 Nev. 755, 616 P.2d 1108 (1980). Although this presumption may be overcome by strong and convincing proof, such proof is not manifest in this appeal.

Affirmed.